Thomas A. Aurelio, J.
It is clear from the evidence that Victor F. Bier, during his lifetime, planned that plaintiff should, upon the death of his wife and himself, become the owner of his stockholdings in Machin-Bier Co., Inc. It is equally clear that Caroline M. Bier, his wife, knew this to be the express desire of her husband and during his lifetime abided *1013 by Ms wish by executing mutual wills with him in each of which, except for one agreed deviation, such desire was carried forth. Quite apparently Victor F. Bier bequeathed his stockholdings in MacMn-Bier Co., Inc., to his wife because of the affection and confidence existing between them and in the firm belief that she would carry out his clear purpose after Ms demise.
I am satisfied that if Victor F. Bier had entertained any doubt that his wife, if she survived him, would fail to perform his declared plan to bequeath his stockholdings in the Machin-Bier Co., Inc., to plaintiffs, he would have made adequate disposition thereof during his lifetime to prevent that declared intention from being thwarted after his death.
It is well settled that ‘ ‘ where a legatee has taken property under a will, after agreeing, outside the will, to devote that property to a purpose intended and declared by the testator, equity will enforce a constructive trust to effectuate that purpose, lest there be a fraud on the testator.” (Latham v. Father Devine, 299 N. Y. 22, 27.) The circumstances surrounding the execution by Caroline M. Bier of her last will and testament on April 19, 1947 were a matter for the concern of the Surrogate’s Court upon the probate proceedings. The only fact relevant here is that Caroline M. Bier by that will did foil the clear design of her testator after tacitly and expressly promising to sustain such plan as his legatee. In such circumstances the court will require her executors and beneficiary to perform the understanding she violated.
On the record before me I conclude that plaintiffs are entitled to judgment in accordance with the stipulation between the parties. Settle judgment.