223 F.2d 408
 MARINE MIDLAND TRUST COMPANY OF SOUTHERN NEW YORK, successor by merger to Elmira Bank and Trust Company, as Executor and Trustee of the Last Will and Testament of William P. Yates, deceased, Plaintiff-Appellee,
v.
George T. McGOWAN, Collector of Internal Revenue for the 28th District of New York, Defendant-Appellant.
 No. 256.
 Docket 23453.
 United States Court of Appeals Second Circuit.
 Argued May 5, 1955.
 Decided June 9, 1955.
 
 Mandeville, Buck, Teeter & Harpending, Elmira, N. Y. (Charles B. Swartwood and Joseph W. Buck, Elmira, N. Y., of counsel), for plaintiff-appellee.
 H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky and David O. Walter, Sp. Assts. to Atty. Gen., John O. Henderson, U. S. Atty., Buffalo, N. Y., for defendant-appellant.
 Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.
 MEDINA, Circuit Judge.
 
 
 1
 The sole question before us is whether a bequest in the will of William P. Yates, who died July 26, 1945, is deductible from the gross estate for estate tax purposes, under Section 812(d) of the Internal Revenue Code, 26 U.S.C.A. § 812(d). The statute permits charitable deductions as follows:
 
 
 2
 "(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * *, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes".
 
 
 3
 Subject to a prior life estate the testator bequeathed three-fourths of his estate "to the Sigma Nu Fraternity, Inc., a college fraternity with its principal office at Indianapolis, Indiana." The Sigma Nu Fraternity turned out to be an unincorporated college fraternity; but, shortly after the death of the testator, Sigma Nu, Inc., Educational Foundation was incorporated. The Surrogate's Court of Chemung County, New York, admitted the will to probate, held that the unincorporated fraternity had capacity to take under the will, and, since the fraternity had assigned all its rights under the will to the Foundation, directed that all payments accruing to the fraternity under the will should be made to the Foundation. These various decrees of the Surrogate's Court were regarded by the court below as not determinative of the question of deductibility under the federal estate tax law and we, having reached the same conclusion, shall not discuss them further.
 
 
 4
 That the testator intended his bequest to be used exclusively for educational purposes was conclusively established by competent and admissible testimony. The phraseology used in the will, however, was due to the fact that decedent's friend Balfour, who acted as the agent of the fraternity in the matter, had been given erroneous information to the effect that a corporation had already been formed for charitable purposes, and he is the one who suggested the terms of the bequest appearing in the will. Judge Burke accordingly held:
 
 
 5
 "Since the officers of the fraternity knew of the testator's intention to make a bequest to the fraternity for educational purposes, and had asked Balfour to follow through with the testator in behalf of the fraternity, this conduct on the part of the fraternity officers amounted to acquiescence in the testator's intention, which was the equivalent of a promise to so restrict the bequest. Matter of O'Hara['s Will], 95 N.Y. 403, 412. Latham v. Father Divine, 299 N.Y. 22, 27 [85 N.E.2d 168, 11 A.L.R.2d 802]."
 
 
 6
 Judge Burke properly held that this was sufficient to establish a constructive trust.
 
 
 7
 But appellant insists that the mere fact that the bequest must be devoted exclusively to educational purposes does not bring the case within the terms of Section 812(d), as the will does not expressly and in terms state that the bequest is made to the fraternity for that purpose, citing Delaney v. Gardner, 1 Cir., 1953, 204 F.2d 855. While that case is distinguishable on the facts, we are not in accord with so much of the majority opinion as seems to hold testamentary transfers non-deductible when based upon a constructive trust for charitable purposes established by evidence dehors the will. With due respect for our brethren of the First Circuit, we prefer the reasoning of Judge Woodbury who dissented in Delaney, on the ground that Section 812(d) includes "transfers * * * for the use of" charities, which seems to us to be more consistent with the intent of the Congress as disclosed in Section 812(d) read as a whole.
 
 
 8
 Affirmed.