Walter R. Hart, J.
In an action for personal injuries the fourth-party defendant moves to dismiss the fourth-party complaint for legal insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.
Plaintiff, a longshoreman who was employed by the fourth-party defendant, instituted this action against the defendant Victory Carriers, the owner of the ship on which the alleged accident took place, charging that defendant with negligence, in that it failed to provide a safe place to work on an unseaworthy vessel and maintained a fence on board the ship in a reckless manner and permitted a board to fall upon the plaintiff. The owner of the vessel brought the charterer into the action as a third-party defendant, alleging that if the plaintiff recovered against it, the charterer would be responsible to indemnify it because of the alleged breach of the charter contract. As a result of this interpleader, the charterer, or fourth-party plaintiff, impleaded the fourth-party defendant, the stevedoring company in charge of unloading the vessel when the accident occurred.
The fourth-party complaint, consisting of three causes of action, alleges in substance, after incorporating the allegations of the prime complaint and the third-party complaint in the first cause of action, that an implied contract arose between the fourth-party plaintiff as charterer and the fourth-party defendant to the effect that while the fourth-party defendant was performing the stevedoring work aboard the vessel such defendant would do it in a safe, proper and efficient manner and that if the plaintiff was injured it was solely because of the failure of the fourth-party defendant to comply with the contract. In the second cause of action, after incorporating all the allegations of the first cause of action, the fourth-party defendant was charged with the complete operation, custody and control of the portion of the vessel in which the plaintiff *169 was working at the time of the accident and that prior to the time when the vessel was placed under the control and custody of the fourth-party defendant, the said ship was seaworthy and a safe place to work in and if the vessel became unseaworthy as a result of which plaintiff was injured, it became so after it came under the control of the fourth-party defendant. The third cause of action, incorporating the previous allegations of the complaint, charged the fourth-party defendant with active and affirmative negligence and the fourth-party plaintiff as the ship’s charterer, at the most, with passive negligence.
It is argued by the movant that the fourth-party complaint is conelusory in form and that it fails to allege facts upon which to predicate the charge of active and primary negligence of the fourth-party defendant. This contention is untenable. A pleading challenged for legal insufficiency must be construed broadly and liberally (Condon v. Associated Hosp. Service, 287 N. Y. 411) and all the averments of the attacked pleading are taken as true (Latham v. Father Divine, 299 N. Y. 22). Section 193-a is to be liberally construed as it was intended to mitigate the strictness of the old practice which required a third-party plaintiff to show clear liability on the part of the third-party defendant (Robinson v. Binghamton Constr. Co., 277 App. Div. 468). Where a complaint, as here (second cause of action), contains allegations of complete control in the defendant as well as general allegations of negligence of the defendant, it has been consistently held to state facts sufficient to constitute a cause of action. That the position of the moving party is untenable is supported by the analogous case of Schoenfeld v. Four Leaf Clover Realty Corp. (273 App. Div. 824). There, too, a third-party complaint was served alleging that the accident was due to primary and active negligence of the third-party defendant while the premises were under the alleged control of the third-party defendant. Although Special Term granted the motion to dismiss, the Appellate Division reversed the order and denied the motion on the ground that since the third-party complaint alleged control in the third-party defendant as a matter of pleading it set forth facts sufficient to constitute a cause of action. An examination of the third-party complaint in the Schoenfeld case reveals that the allegations contained therein are similar in form and context to that of the allegations in the instant complaint. This decision was subsequently followed in Robinson v. Binghamton Constr. Co. (supra) and in Tabor v. Stewart (277 App. Div. 1075). As the motion to dismiss is not directed to any particular cause of *170 action but to the complaint as a whole, if any cause of action is sufficient, the motion must be denied. (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79.)
In view of the foregoing the fourth-party complaint herein is legally sufficient and the motion is denied. Submit order.