Walter R. Hart, J.
In this action for personal injuries the third-party defendant, Long Island Lighting Company, moves to dismiss the third-party complaint for legal insufficiency pursuant to rule 106 of the Rules of Civil Practice.
Plaintiff, a brick mason employed by a subcontractor, which had contracted with the defendant First Roxbury Corp. to perform brick work on certain buildings being erected by the defendant Miller, was injured while working on a scaffold when *234 he came in contact with exposed electric wires. The complaint alleges that the wires in question were owned and maintained by the defendant Long Island Lighting Company which had strung them across the land and buildings under construction. It is further alleged that the defendant Art Lighting Company had contracted with the defendant First Boxbury Corp. to perform the electric work in the buildings and to service, inspect and maintain all electric wires, current and power running across or being used on said land and buildings.
All the defendants are then charged in paragraph XXXIII of the complaint with failing to provide the plaintiff with a safe place to work, in permitting and allowing live electric wires to be in such a position as to come in contact with the plaintiff, knowing that the plaintiff would necessarily work on the scaffold and in permitting and maintaining wires in said position and causing and permitting strong currents of electricity to pass through the same, in failing to insulate the wires and failing to correct, remedy or repair the dangerous condition and in failing to remove the wires or to properly insulate them.
To determine the sufficiency of a cross claim the original complaint coupled with the pleading under consideration must be examined. If from the two pleadings it appears that there is a possibility that there may be liability ever, then the cross claim should not be dismissed. (Robinson v. Binghamton Constr. Co., 277 App. Div. 468.)
While the plaintiff in his complaint charges all the defendants with the various acts of negligence, they are so intertwined and joined that one cannot determine with sufficient clarity which defendant is charged with passive negligence or which is charged with active negligence. However, the cross complaint, specifically charges defendants Long Island Lighting and Art Electric Co., Inc., with the sole and exclusive control and supervision over the wires and that it was they who were the active tort-feasors.
The court must on a motion of this character take as true the averments of the cross claim charging the third-party defendant with active negligence and passive negligence on the part of the third-party plaintiff. (Latham v. Father Divine, 299 N. Y. 22.) The Appellate Division of this Department has consistently held that third-party complaints or cross claims over should be dismissed on intermediate motion only where there was not the slightest possibility that the proof at the trial would establish the third parties’ liability. In view of the fact that the plaintiff’s complaint variously alleges acts *235 and omissions and upon proof of some of which the third-party plaintiff might be primarily liable in damages and upon proof of others of which the liability might only be secondary, the third-party complaint should not be dismissed. (Logan v. Bee Bldrs., 277 App. Div. 1040; Marzella v. Carlsen Hoist & Mach. Co., 280 App. Div. 955.)
Where either the complaint in the action or the statement of the cross claim pleads any facts from which the basis of the claim for indemnity may be found or fairly inferred, the cross claim should not be dismissed. (Shass v. Abgold Realty Corp., 277 App. Div. 346.)
As the plaintiff has grouped all the defendants together and charged them with both active and passive negligence and it cannot be determined on the pleading whether the defendants are in pari delicto or their relationship is one of active and passive tort-feasors, the cross claim should be sustained on such preliminary motion and the issues relegated for determination at trial (Cosgrove v. City Ice & Fuel Co., 275 App. Div. 1030; Marzella v. Carlsen Hoist & Mach. Co., supra), particularly where the question of whether negligence is passive or active is, generally speaking, a question of fact for the jury. (McFall v. Compagnie Maritime Belge, 304 N. Y. 314.)
A peremptory disposal of the rights of the parties at this time without the benefit of evidence would subvert the purpose and intent of section 264 of the Civil Practice Act.
The prior determination by this court of the motion by defendant Long Island Lighting to amend its answer setting up a cross claim against certain other defendants is not in conflict with this determination. Accordingly, the motion is denied.