Chief Judge Desmond
(dissenting). I vote to reverse. Defendants’ motion for summary judgment dismissing the complaint was granted by the Appellate Division reversing Special Term. The Appellate Division held that, even if the facts alleged by plaintiff were assumed to be substantially true, her complaint and affidavits did not make a sufficient showing for the declaration of the constructive trust she demanded. Our task is to *1009 decide whether the allegations of fact which plaintiff is prepared to support by her testimony lack some of the elements necessary to permit a court of equity to impose a constructive trust in her favor on the real property known as 329 Fifth Avenue in Manhattan. The substance of plaintiff’s complaint is that defendant Eli L. Sandler falsely and without intention of carrying out his promise agreed orally with plaintiff that he would advance the money necessary to enable plaintiff to complete payment for her purchase of the property and that he would thereafter take it over from her at an agreed-on higher price.
Plaintiff’s version of the transactions is about like this: on June 29, 1959 she made a written agreement with the Republic of Haiti on which she made a $10,000 down payment and in which she agreed to take, title to the premises on September 9, 1959 (date afterward extended to October 7, 1959) for $240,000 (reduced by contract from $250,000); that after she executed the contract she offered the property for sale and after negotiations with defendant Eli L. Sandler the latter promised her that he (Sandler) would furnish her the money for the closing of the title and would immediately thereafter buy the property from her for $278,000. It was a term of her agreement with the Republic of Haiti that if for any reason she did not close title on October 7,1959 she would be entitled to return of her $10,000 deposit and the cost of title examination. She alleges that at the time defendant Eli L. Sandler made his promises he knew that she had offers from others at prices lower than Sandler’s price of $278,000 but higher than the price she had agreed to pay. He admits that he knew that the closing date of October 7 was final and would not be extended. Her further allegations are that Eli L. Sandler never intended to carry out his promise and never intended to buy the property from her or advance her the necessary money but made his promissory statements so that plaintiff would neither close with other available purchasers nor have the necessary funds on the closing date, and that on the closing date he refused to furnish the balance she needed to close her purchase so that she had to abandon the purchase. A few days later, according to her, Eli L. Sandler and the other defendants contracted with the Republic of Haiti to purchase the property for themselves and on November 3, 1959 made, through a dummy corporation, a contract to buy it for $243,000 and thereafter closed the purchase and took title. Through this fraud, asserts plaintiff, defendants unjustly enriched themselves *1010 by buying for $243,000 a property for which they had agreed to pay her $278,000. The complaint demands that equity make its decree that defendants are holding the property for the benefit of plaintiff and must convey it to her.
Defendants argue that an oral agreement cannot be the basis of a constructive trust “ unless a confidential or trust relationship is shown ”. Such is not the law. For instance, in Latham v. Father Divine (299 N. Y. 22) the basis was not confidential relationship but undue influence, force, etc. If there be an abuse of a confidential relationship the law labels the breach a “ constructive fraud ’ ’ hut if there be actual fraud there need not be a confidential relationship (some random citations: Bogert, Trusts, §§ 472, 473, 496; Scott, Trusts [2d ed.], Vol. I, § 44.1, p. 315 et 'seq.; § 44.2, pp. 320-322; Vol. IV, § 465, p. 3118; Faraño v. 'jStephanelli, 7 A D 2d 420, 424; see text and citations, 89 C. J. S., Trusts, pp. 1018, 1019, 1020, 1043, 1044, 1048, and many cases cited on those pages). The real wrong is the abuse of a confidence reposed, whether or not there was a pre-existing special relationship.
The principal flaw which the Appellate Division found in the complaint was that, even on plaintiff’s own version of the facts, she was not to get or retain title hut that defendant Eli L. Sandler was and so she has no right to a conveyance from him or to a judgment that he holds title in trust for her. But the only way this fraud, if it was committed, can now be redressed is by turning- the property back to plaintiff so that she may be in a position to get the profit she would have realized had Eli Sandler carried out his agreement. The Appellate Division held in effect-that since no writing was exchanged between plaintiff and any of the defendants, nhe can have no relief since there was no confidential relationship between the parties or other special factors making the Statute of Frauds inapplicable, citing Sinclair v. Purdy (235 N. Y. 245) and Wood v. Rabe (96 N. Y. 414). Those cases authorize the declaration of a constructive trust -when the absence of a formal writing grew out of the existence of a confidential relationship between the parties. However; the decisions do not mean that a constructive trust of land will be-decreed to carry out an oral agreement in those instances only where there is a confidential relationship. The Appellate Division itself pointed out, citing section 160 of the Restatement of the Law of Restitution, there is no such limitation. The true rule is as expressed in the Restatement: “ where *1011 a person holding title to property is subject to an equitable duty to . convey it to another on the ground that he would be unjustly enriched if he were permitted-to retain it, a constructive trust arises ”. To accomplish the beneficient purpose of the constructive trust doctrine it cannot be (and never has been) limited to cases of confidential relationship or to instances where the breached agreement by the defendant was to convey the property to the plaintiff. The bases for erecting constructive trusts are unjust enrichment and unjust deprivation. The present case is perhaps unusual in that plaintiff is asserting not that defendant Eli L. Sandler agreed to convey the premises to her but that he agreed that he would put her in funds to buy it and then take it off her hands at a profit to her but instead bought it for himself and his associates after putting her in a position where she could not make other arrangements to complete her own purchase.
That plaintiff may have some sort of remedy at law does not deprive equity of jurisdiction to declare the wrongdoers to be trustees (Falk v. Hoffman, 233 N. Y. 199).
The decision below in its strict limitations on the concept of constructive trusts seems to us to be in conflict with cases like Latham v. Father Divine (299 N. Y. 22, supra). In the Latham opinion we noted (p. 27) that there was no New York case declaring a constructive trust on the exact facts there alleged. We said, however, that: “ A constructive trust will be erected whenever necessary to satisfy the demands of justice ” and that “ constructive trust ’ ’ is merely the formula through which the conscience of equity finds expression, citing Beatty v. Guggenheim Exploration Co. (225 N. Y. 380) -and, other authorities. We wrote in Latham that the application of the concept of constructive trust ‘1 is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them”. Similar statements had been made by this court in 1916 in Miller v. Schloss (218 N. Y. 400, 407, 408). Quite applicable, too, is another statement in the Latham opinion: “ Nothing short of true and complete justice satisfies equity, and, always assuming these allegations to be true, there seems no way of achieving total justice except by the procedure used here.”
Some confusion seems to have arisen as to the necessity of a confidential relationship between the parties. When there is a confidential relationship and reliance upon it as between husband and wife or other close relatives there is ordinarily no necessity *1012 for proof of actual fraud and it is enough that the fiduciary has refused to make the conveyance that he should have made and which the other party depended upon him to make. It is otherwise, however, when as in the present case there is an assertion of antual fraud in that the defendant is accused of having gotten title into his hands by making promises which he never intended to keep. In other words the fraud which will raise a constructive trust on the basis of an oral promise may be either constructive frand arising from a breach of a confidential relationship or, as is here asserted, actual fraud (see Alaniz v. Casenave, 91 Cal. 41,46).
The judgment should be reversed and the motion for summary judgment denied, with costs in this court and in the Appellate Division.
Judgment affirmed.