CATHERINE COCO, Appellant-Respondent, v KEITH J. COCO et al., Respondents-Appellants.

Second Department, February 11, 1985

**APPEARANCES OF COUNSEL**

*Phillips & Weiner* (*Robert L. Weiner* and *James F. Quinn* of counsel), for appellant-respondent.

*Gordon J. Lang* (*Bruce Provda* on the brief), for respondents-appellants.

**OPINION OF THE COURT**

NIEHOFF, J.

On this appeal we are called upon to decide whether Special Term erred in dismissing the plaintiff's cause of action to void a conveyance of real property and impose a constructive trust on

defendants' interest in the property. For the reasons set forth below, we conclude that plaintiff's application to impose a constructive trust on the defendants' interest in the subject property should be granted and the matter should be remitted to Special Term in order to permit that court to fashion a judgment which will, as nearly as possible, return the parties to their respective pre-July 1982 positions.

The plaintiff Catherine Coco is the mother of the defendant Keith J. Coco and mother-in-law of the defendant Veronica Coco. Prior to July 6, 1982, Catherine Coco was the sole owner of a nine-room house located at 38 Phipps Lane, Plainview, New York, having lived there for many years with her son Kevin. On July 6, 1982, plaintiff executed a deed to that house, which was recorded on July 9, 1982, whereby she conveyed the premises to herself and the defendants. The facts surrounding the conveyance and the events which transpired after the transfer of the property are as follows.

Before the execution of the deed involved in the suit, the defendants and their children were renting a house in Bethpage, New York. As part of their lease agreement the defendants had an option to buy the house. However, because of an earlier foreclosure action against them, the defendants were unable to obtain the necessary mortgage financing. Consequently, they could not exercise the option to purchase the Bethpage residence.

Sometime in March or April 1982, the plaintiff, Kevin Coco, and the defendants had a meeting in order to discuss the possibility of their sharing a household. Unfortunately, and understandably, the details of the family members' agreement were arrived at orally and were never reduced to writing. Essentially, it was agreed that the defendants' family would move into plaintiff's house. In order to accommodate the new inhabitants, it was agreed that the Plainview house would be refinanced and that the proceeds of the refinancing would be utilized to build a completely furnished extension dormer on the second floor of the house. The plan called for the defendants and their children to move into the existing first floor unit while the plaintiff would move into the newly constructed upstairs apartment and Kevin Coco would reside in a separate downstairs room. They also discussed and agreed upon the manner in which the servicing of the mortgage and carrying charges on the house were to be divided.

Pursuant to the parties' oral agreement, plaintiff deeded a one-half interest in the house to the defendants and the refinancing, in the form of a $55,000 loan, secured by a mortgage,

was obtained from the Dime Savings Bank. The defendants paid no money to the plaintiff in return for that interest in the property.

In August 1982, the defendant Keith J. Coco was injured while working as a New York City police officer. He received full pay until December 1982, retired from the police department in February 1983, under full disability, and received his first disability payment in March 1983. In the meantime, in September 1982, the defendants' family had moved into the house. Soon thereafter, the mortgage fell into arrears because of defendants' failure to make mortgage payments.

Eventually, the bank threatened foreclosure, and in June 1983, plaintiff initiated this lawsuit, *inter alia,* for reconveyance of the one-half interest in the premises. Thus, what appears to have been a loving attempt to settle a family housing problem has now turned into a deep rift involving an avalanche of charges and countercharges.

Sometime in August 1983, Keith, Veronica and their children moved out of the Plainview house. Before the refinancing and reconstruction of the house, it was encumbered with a 4% mortgage having a principal balance of approximately $2,500 and a monthly payment of $329. Now, the monthly mortgage payment is approximately $1,100.

The complaint in this action contains two causes of action and prays for a judgment (1) adjudging the July 6, 1982 deed to be null and void and discharging and canceling said deed of record, (2) directing the defendants to reconvey their interest in the premises to plaintiff, and (3) awarding plaintiff $5,000 based on the defendants' failure to make required mortgage payments and for their use and occupancy of the premises.

The answer of the defendants sets forth the affirmative defense of the Statute of Frauds and contains four counterclaims seeking monetary damages as well as a partition and sale of the premises.

After a nonjury trial, Special Term rendered its decision reciting the operative facts, and noting that the defendants admitted "to becoming delinquent on the mortgage". It then properly conformed the plaintiff's pleadings to the proof so as to enable the plaintiff to seek the imposition of a constructive trust, and correctly held that "[a] constructive trust, by its very nature, does not require a writing, and thus the statute of frauds is inapplicable". Special Term also dismissed plaintiff's claim, in effect, to impose a constructive trust on the property as well as defendants' counterclaims for monetary relief. However, the

court directed a partition and sale of the premises and it appointed a referee to oversee the sale. While plaintiff was denied any affirmative monetary relief against the defendants, she was awarded credits against the defendants' portion of the proceeds of the sale representing (1) "defendants' breach of contract in failing to pay sixty (60%) percent of the mortgage and taxes, if paid by plaintiff or the mortgagee, from October 27, 1983 to the date of the sale", (2) defendants' retention of a security deposit tendered by prospective tenants of the first floor apartment, and (3) defendants' conversion of an insurance check.

Both sides appeal.

As stated above, we conclude that plaintiff's application to impose a constructive trust on defendants' interest in the real property located at 38 Phipps Lane, Plainview, New York, should have been granted.

A constructive trust has been defined as "the formula through which the conscience of equity finds expression" (*Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386), and as the remedy to "be erected whenever necessary to satisfy the demands of justice" (*Latham v Father Divine,* 299 NY 22, 27). The essential purpose of a constructive trust is to prevent unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119). Where property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee (*Beatty v Guggenheim Exploration Co., supra,* p 386). Equity cries out for that result herein.

Generally, four factors are considered in ascertaining whether a constructive trust should be imposed upon a property interest: (1) the existence of a fiduciary or confidential relationship, (2) a promise, express or implied, (3) a transfer in reliance on the promise, and (4) unjust enrichment (*see, Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939; *Simonds v Simonds,* 45 NY2d 233, 241-242; *Sharp v Kosmalski,* 40 NY2d 119, *supra; Reiner v Reiner,* 100 AD2d 872, 874). However, "these factors are merely useful guides and are not talismanic" (*Reiner v Reiner, supra,* p 874; *Simonds v Simonds, supra,* p 241). If a party holds property "under such circumstances that in equity and good conscience he ought not to retain it", a constructive trust will be imposed (*Miller v Schloss,* 218 NY 400, 407; *Ptachewich v Ptachewich,* 96 AD2d 582, 583). A constructive trust will be imposed whenever necessary to satisfy the demands of justice and "its applicability is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them" (*Latham v Father Divine, supra,* p 27; *Sharp v Kosmalski, supra,* p 121; *see also,* 1 Scott, Trusts § 44.2, at 337 [3d ed]).

There is no doubt that a fiduciary or confidential relationship, a promise and a transfer in reliance on that promise are present in this case. Defendants do not contend otherwise and Special Term did not say otherwise. Rather, it refused to impose a constructive trust because it found an absence of unjust enrichment.

As pointed out, *supra,* plaintiff and defendants orally agreed that they would become jointly liable on a mortgage of over $50,000, the proceeds of which were used to build an "extension dormer" so that the defendants could share the house with plaintiff. In exchange for the defendants' promise to build the extension dormer and to pay their share of the mortgage payments, plaintiff deeded a one-half interest in the property to the defendants. However, the record shows clearly that the defendants stopped making the required mortgage payments soon after the obligations came into being. Notwithstanding that Special Term found that defendants had breached the promise on which plaintiff had relied in deeding them a one-half interest in the property, it refused to impose a constructive trust because it concluded that defendants were not unjustly enriched inasmuch as "[t]he apartment was constructed as agreed and defendants remain liable for the unsatisfied mortgage debt".

The defendants did not use their own money for the construction of the additional apartment. What is more, the construction of such apartment will be as beneficial to the defendants as it is to the plaintiff if title to the premises remains unchanged and the sale goes forward as directed. If the premises are sold pursuant to the order of Special Term, the defendants' share of the proceeds will be augmented by an amount equal to the benefit derived by the plaintiff, even though defendants have made no monetary contribution to bring about the enhanced value. In short, defendants will be receiving something for nothing as a result of their breach of the terms of the agreement.

Although it may be argued that as of this moment the defendants have not been *unjustly* enriched because the mortgage money was not received by the defendants but, instead, was used for the construction of the dormer pursuant to the parties' agreement, they certainly will be unjustly enriched if the property is partitioned and sold as directed by Special Term because they paid no consideration for the one-half interest in the property and they will be receiving a one-half share of the net proceeds from the sale, which sale is the direct result of their failure to abide by their agreement to pay their share of the mortgage. "[W]hether there is unjust enrichment * * * must be

\* \* \* based on a broad view of the human setting involved" (*McGrath v Hilding,* 41 NY2d 625, 629). Under the circumstances of this case and a "broad view of the human setting involved" it is simply inequitable and unconscionable that plaintiff's home, in which she has lived for many years, be ordered partitioned and sold, with defendants receiving a monetary windfall because they failed to abide by the oral agreement they entered into with plaintiff. While it may be true that defendant's financial situation caused them to fail to live up to their agreement and they may not have been willful in their breach, that, likewise, is not a valid reason to bestow a boon upon defendants. A constructive trust is a restitutory remedy which is plainly appropriate at bar to accomplish justice.

With respect to the unsatisfied mortgage debt, it cannot be denied that the defendants remain liable thereon. However that may be, the fact remains that defendants' relatively remote, contingent liability on the mortgage cannot, in any sense, be equated with the undivided one-half interest in the fee title to the property which they now possess, and that contingent liability should not prevent equity from fashioning a remedy which will do justice herein. In sum, we conclude that under the facts of this case, defendants are not entitled to a share of the proceeds from a partition and sale, and a constructive trust should be imposed.

Furthermore, we believe Special Term erred when it denied plaintiff's prayer for damages for the use and occupancy of the premises by the defendants for the period between February and August 1983, when defendants vacated the premises. The record before us reveals that the defendants resided in the house during the aforesaid period, yet they failed to pay their agreed-upon share of mortgage payments. That being so, plaintiff should be compensated by the defendants for the reasonable value of their use and occupancy of the premises before the defendants moved out and the apartment became available for rental to third parties, with credit to defendants for any sum they may have paid toward the mortgage during said period.

Finally, we note that Special Term was correct in crediting plaintiff with $1,851.20, representing the proceeds of an insurance check improperly converted by the defendants, and in dismissing the defendants' counterclaims for damages.

Upon remittal, Special Term shall fashion an additional equitable remedy so as to return the parties as nearly as possible to their status quo, prior to their entry into the oral agreement. As to defendants' obligation on the mortgage, plaintiff may, for

example, be ordered to hold defendants harmless on any deficiency judgment that may result should the mortgage go into default or she may be ordered to set aside and accumulate a percentage of the rental received from the first floor apartment as a reserve to insure future mortgage payments. These possible alternatives are suggestions only and Special Term may, if it sees fit, adopt some other means of giving defendants protection against a deficiency judgment.

Accordingly, the judgment appealed from should be modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision granting plaintiff's cause of action to impose a constructive trust upon defendants' interest in the property known as 38 Phipps Lane, Plainview, New York, and directing defendants to reconvey their interest therein to plaintiff, (2) deleting from the third decretal paragraph thereof the words "first, second and fourth", and (3) deleting the fourth fifth, sixth, seventh, eighth and ninth decretal paragraphs thereof. As so modified, the judgment appealed from should be affirmed, with costs to the plaintiff, and the matter should be remitted to the Supreme Court, Nassau County, to fashion a remedy in accordance herewith.

Titone, J. P., Bracken and Rubin, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered April 11, 1984, modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision granting plaintiff's cause of action to impose a constructive trust upon defendants' interest in the property known as 38 Phipps Lane, Plainview, New York, and directing defendants to reconvey their interest therein to the plaintiff, (2) deleting from the third decretal paragraph thereof the words "first, second and fourth", and (3) deleting the fourth, fifth, sixth, seventh, eighth and ninth decretal paragraphs thereof. As so modified, judgment affirmed, with costs to the plaintiff, and matter remitted to the Supreme Court, Nassau County, to fashion a remedy in accordance with the opinion herewith.