■ JONATHAN JACOBS, Respondent, v MICHAEL ABRAMOFF, Appellant, et al., Defendant.—In an action, inter alia, to recover damages for fraud, the defendant Michael Abramoff appeals from (1) so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated December 19, 1986, as upon reargument, denied that branch of his motion which was to dismiss the plaintiff's first, second and fourth causes of action, (2) so much of an order of the same court, entered October 22, 1987, as denied that branch of his motion which was to dismiss the amended complaint and, (3) an order of the same court, also entered October 22, 1987, which denied his motion to cancel a notice of pendency.

Ordered that the order dated December 19, 1986, and the order entered October 22, 1987, which denied that branch of the appellant's motion which was to dismiss the amended complaint are affirmed insofar as appealed from, and the order entered October 22, 1987, which denied the appellant's motion to cancel the notice of pendency, is affirmed, without costs or disbursements.

The plaintiff Jonathan Jacobs alleges that in 1978, his wife, the defendant Shoshana Jacobs, acknowledged to him that she had transmitted $13,000 from her bank account to her employer, the defendant Michael Abramoff. The money was stated by the defendant Jacobs to be "for investment pur-

poses" and that "50% of any and all proceeds" therefrom belonged to the plaintiff. The plaintiff alleges further that an illicit love affair developed between his wife and defendant Abramoff.

In February 1982 Shoshana Jacobs filed a statement of net worth in connection with her matrimonial action against the plaintiff, which was subsequently discontinued, wherein she stated that she owned a "3% interest in undeveloped property in Westhampton, Long Island, New York held in the name of Michael Abramoff". She also listed the value of the 3% interest to be $6,500.

In or about February 1985 the plaintiff commenced this action alleging fraud and unjust enrichment. Subsequently, the complaint was amended to include causes of actions for partition and for the imposition of a constructive trust. By order dated December 19, 1986, the court dismissed the cause of action for partition but sustained the causes of action to recover damages for fraud and unjust enrichment and for the imposition of a constructive trust. Thereafter, the defendant Abramoff separately moved, *inter alia,* to dismiss the amended complaint and to cancel a notice of pendency filed by the plaintiff. The court denied that branch of the motion which sought to dismiss the amended complaint and denied the motion to cancel the notice of pendency in two orders, both entered October 22, 1987.

For the imposition of a constructive trust, it must be shown that there was a confidential or fiduciary relationship, a promise, a transfer in reliance upon such promise, and unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119). A constructive trust will be erected whenever necessary to satisfy the demands of justice *(see, Simonds v Simonds,* 45 NY2d 233; *Coco v Coco,* 107 AD2d 21; *Reiner v Reiner,* 100 AD2d 872), and is available to prevent unjust enrichment in a wide range of circumstances *(Palazzo v Palazzo,* 121 AD2d 261; *Latham v Divine,* 299 NY 22, 27).

At bar, a confidential relationship is inherent in the marital relationship between the plaintiff and the defendant Shoshana Jacobs. The allegations of an illicit love affair and the transfer of money to the defendant Michael Abramoff by the plaintiff's wife sets forth a situation where there is a great opportunity for abuse and unfairness and, if such allegations are proven to be true, a case where equity should intervene *(see, Sharp v Kosmalski, supra).* Further, the defendant Abramoff's contention that the writings of Shoshana Jacobs do not refer to any

specific piece of property is without merit as the only property which Abramoff holds in his name is the Westhampton, Long Island, property (see, Sinclair v Purdy, 235 NY 245, 252).

Finally, it was not an improvident exercise of discretion for the court to deny the defendant Abramoff's motion to cancel the notice of pendency.

It can be inferred from Shoshana Jacob's statement of net worth that the plaintiff's cause of action for the imposition of a constructive trust is based on an alleged 3% interest in land which the defendant Abramoff holds in his own name. Thus, the judgment demanded by the plaintiff would affect "the title to, or the possession, use or enjoyment of, real property" (CPLR 6501) and is a proper basis upon which to impose a notice of pendency.

While a notice of pendency may be canceled upon the posting of an adequate undertaking, there was nothing in the record to establish the value of the property. As the court did not have sufficient evidence before it for the purposes of determining what would constitute an adequate undertaking, it did not improvidently exercise its discretion in denying the relief sought (see, 5303 Realty Corp. v O&Y Equity Corp., 64 NY2d 313). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.