■ AMELIA NOCKELUN, Respondent, v CONSTANCE SAWICKI, Appellant. [602 NYS2d 190] —In an action to impress a constructive trust upon real property, and to direct the reconveyance of the property to the plaintiff, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated December 23, 1992, which, after a nonjury trial, granted the relief requested.

Ordered that the judgment is affirmed, with costs.

The plaintiff Amelia Nockelun is the maternal aunt of the defendant Constance Sawicki. The plaintiff, who was 86 years old at the time of the trial in June 1992, had no children and her only living relatives were the defendant and the defendant's mother, who is the plaintiff's sister. The testimony of the plaintiff shows that in 1975, she prepared a will leaving all her estate, including the property in question, to the defendant. She gave the will to the defendant for safe keeping. Subsequently, the defendant approached her and stated that should the plaintiff have to enter a nursing home, social services and creditors would attach the plaintiff's house for the payment of debts. The defendant then asked her to convey the house to her to ensure that the house passed to her.

The plaintiff agreed and conveyed her house to the defendant by deed dated August 23, 1977, but retained a life estate in the house. The defendant allegedly promised to help the plaintiff with the bills pertaining to the house and to reconvey the house to the plaintiff should she so desire at a future date. However, after the conveyance, the defendant never helped the plaintiff with any bills.

In 1991, the plaintiff sought to obtain a home equity loan to enable her to make repairs to the house and also to pay several debts she owed. The bank required that she obtain legal title to the house before she could get the loan. However, the defendant refused to reconvey the house to the plaintiff.

The plaintiff then commenced this action seeking to impress a constructive trust on the house and to obtain a judgment directing the defendant to reconvey the house to her.

We find that the the trial court did not err in impressing a constructive trust on the property and in directing the defendant to reconvey the property to the plaintiff. The elements to be established for imposition of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance upon the promise, and unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119). A constructive trust will be imposed to satisfy the demands of justice *(see, Simonds v Simonds,* 45 NY2d 233; *Latham v Father Divine,* 299 NY 22, 27). It is " 'the formula through which the conscience of equity finds expression' " *(Latham v Father Divine,* 299 NY 22, 27, *supra,* quoting *Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386), and is available to prevent unjust enrichment in a wide range of circumstances *(see, Jacobs v Abramoff,* 148 AD2d 497; *Palazzo v Palazzo,* 121 AD2d 261).

At bar, the testimony of the plaintiff was that she conveyed her home to her niece, one of her only two living relatives, after the niece made specific promises to her. The trial court found the plaintiff to be credible, and that determination should not be lightly overturned. The record supports the trial court's finding that the defendant was the only party who benefited from the conveyance. Indeed, the defendant admitted that in the 15 years that the deed was in her name, she never helped the plaintiff with the payment of taxes on the property or with any other bills pertaining to the property, with the exception of $200 to assist the plaintiff in repairing the roof. The plaintiff testified that the defendant promised to reconvey the property to her should she so desire in the future. Justice will not be served by the defendant's refusal to reconvey the property to the plaintiff, in the face of the plaintiff's need for money to repair the house and to pay her debts resulting from expenses incurred in the upkeep of the house. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.