■ SAUL LIPTON, Plaintiff, v NORMAN DONNENFELD, Defendant. (Action No. 1.) I. LAWRENCE BRAND, Respondent, v SAUL

LIPTON, Defendant, and NORMAN DONNENFELD, Appellant. (Action No. 2.) [773 NYS2d 82]—

In two related actions, inter alia, to impose a constructive trust upon certain New York Jets season tickets, Norman Donnenfeld appeals in action No. 2, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Martin, J.), entered October 7, 2002, as, after a nonjury trial, directed him to transfer to I. Lawrence Brand possession and ownership of a license to purchase two specified season tickets for the New York Jets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This case concerns a dispute between life-long friends over rights to season tickets to New York Jets football games. For more than 30 years Saul Lipton purchased eight tickets under one account number on behalf of himself and friends, including I. Lawrence Brand and Norman Donnenfeld. In 1995, Lipton transferred the account to Donnenfeld's name. In 1997 Lipton and Brand asked that their tickets be transferred to their own names, but Donnenfeld refused, claiming that the tickets were his property. Brand commenced action No. 2 against Lipton and Donnenfeld seeking, inter alia, to impose a constructive trust on his two tickets. Action No. 1, which was commenced by Lipton against Donnenfeld, is not at issue on this appeal. After a nonjury trial, the Supreme Court awarded judgment in favor of Brand in action No. 2, and directed Donnenfeld to transfer to Brand possession and ownership of the license to purchase the two tickets.

The Supreme Court properly imposed a constructive trust on the two tickets at issue and directed Donnenfeld to transfer the license to purchase those tickets to Brand. The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance upon the promise, and unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119 [1976]). The factors are not rigidly applied but are flexible, and a construc-

tive trust will be imposed to satisfy the demands of justice (*see Simonds v Simonds,* 45 NY2d 233 [1978]; *Latham v Father Divine,* 299 NY 22, 27 [1949]; *Matter of Wieczorek,* 186 AD2d 204 [1992]). It is "the formula through which the conscience of equity finds expression" (*Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386 [1919]; *see Latham v Father Divine, supra,* at 27), and is available to prevent unjust enrichment in a wide range of circumstances (*see Latham v Father Divine, supra,* at 27; *see Jacobs v Abramoff,* 148 AD2d 497, 499 [1989]; *Palazzo v Palazzo,* 121 AD2d 261 [1986]).

Lipton originally purchased the tickets on behalf of his friends, and acted as custodian for more than 30 years, distributing the tickets and collecting payment at the beginning of each season. It was understood that each man was the "owner" of his two tickets, and Lipton retained only nominal title to the license to purchase all eight tickets. Thus, when Lipton transferred the tickets into Donnenfeld's name in 1995, he transferred only the interest he possessed, that of a constructive trustee. As a beneficiary of the constructive trust, Brand was entitled to record ownership of the license to his two tickets. Donnenfeld has no greater claim to the tickets than the others, and would be unjustly enriched if allowed to retain ownership of them. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.