■ In the Matter of the Estate of MARTHA GERBACIA, Deceased. MARIA VIVIANO, Appellant; GEORGE GERBACIA et al., Respondents. [830 NYS2d 324]—

In probate proceeding in which Maria Viviano petitioned for the imposition of a constructive trust upon one half of the estate of Martha Gerbacia, the petitioner appeals from an order and decree (one paper) of the Surrogate's Court, Queens County (Nahman, S.), dated October 11, 2005, which granted the respondents' motion for summary judgment, denied the petition, and dismissed the proceeding.

Ordered that the order and decree is affirmed, with costs.

The respondents established prima facie their entitlement to judgment as a matter of law dismissing the petitioner's constructive trust claim. While the constructive trust doctrine is broad in scope, and such trusts "will be erected whenever necessary to satisfy the demands of justice" (*Latham v Father Divine,* 299 NY 22, 27 [1949]; *see Simonds v Simonds,* 45 NY2d 233, 241 [1978]; *Nastasi v Nastasi,* 26 AD3d 32, 38 [2005]), the respondents established that they neither frustrated the decedent's alleged intent to make a will (*see Levy v Moran,* 270 AD2d 314, 315 [2000]) nor engaged in any other conduct warranting the imposition of a constructive trust (*see Latham v Father Divine, supra*). In opposition, the petitioner failed to raise a triable issue of fact.

Accordingly, the Surrogate's Court correctly granted the motion for summary judgment, denied the petition, and dismissed the proceeding. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.