■ In the Matter of SHIV SHANKAR GUPTA for the Dissolution of RADIANT GEMS & MINERALS, INC. RADIANT GEMS & MINERALS,

Inc., Respondent, v Tech Gem Corporation et al., Appellants. [834 NYS2d 23]—

Order, Supreme Court, New York County (Marilyn B. Dershowitz, Special Referee), entered October 7, 2005, which granted defendant Shiv Shankar Gupta judgment of $51,490.99, unanimously affirmed, with costs.

The judgment represented 70% of the value of plaintiff corporation, the other 30% owned by Mahesh Gupta. In so ruling, the referee found no basis for defendants' claim to an ownership interest in three independent foreign corporations formed by Mahesh Gupta (Radiant Gems Thailand, Universal of Hong Kong and Radiant Brazil). The referee further found that Mahesh Gupta had not taken an excessive salary, breached a fiduciary duty or usurped corporate opportunities, and there was no evidence that defendants were entitled to a constructive trust.

Unless the damages sought in an action are for "a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]), judgment against a defaulting party may be entered only upon application to the court along with notice to the defaulting party and "a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]). The referral court accepted at inquest the factual allegations in Shiv Shankar Gupta's amended petition and admitted only such evidence that went to the question of damages, which could not be established by the mere fact of the default (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730-731 [1984]).

We reject defendants' claim for the imposition of a constructive trust. The elements of a claim for a constructive trust are "a confidential or fiduciary relationship, a promise, a transfer in reliance upon the promise, and unjust enrichment" (*Lipton v Donnenfeld*, 5 AD3d 356, 357 [2004], *lv denied* 2 NY3d 707 [2004]). The evidence presented demonstrated that any monies taken from plaintiff constituted a loan, which was repaid to the corporation in 1996. Defendants offer no tangible evidence to the contrary.

Nor do defendants establish that Mahesh Gupta breached his fiduciary obligations to plaintiff. The doctrine of "corporate opportunity" provides that a corporate fiduciary cannot divert for his or her own benefit an opportunity that should be deemed an

asset of the corporation (*Alexander & Alexander of N.Y. v Fritzen*, 147 AD2d 241, 246 [1989]). Defendants are unable to prove that the formation of the three foreign corporations presented an opportunity essential to the plaintiff New York corporation's line of business. Because the record provides no grounds by which to conclude that Mahesh Gupta was dishonest or otherwise breached his fiduciary obligation to plaintiff, defendants' application of the faithless servant doctrine (*Murray v Beard*, 102 NY 505 [1886]; *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 87-88 [1984]) is equally unavailing.

We have considered defendants' remaining arguments and find them without merit. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.