Josephine **COUNIHAN**, Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,**
**Defendant.**

No. CV 91–4281.

United States District Court,
E.D. New York.

July 6, 1992.

388

Richard B. Lind, New York City, for plaintiff.

Richard J. Inzerillo, P.C., Smithtown, N.Y., for defendant.

John C. Bivona, Huntington, N.Y., for movant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced case, Patricia Ljunquist ("movant") seeks to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons set forth below, her motion is denied.

### I. BACKGROUND

In an Order dated June 21, 1990, this Court determined that movant was a tenant-in-common with Josephine Counihan ("plaintiff"), each of whom possessed a one-half undivided interest in the real property located at 890 Noyac Road, Noyac, New York (the "premises"). According to the complaint in the underlying action, plaintiff alleges that Allstate Insurance Company ("defendant") issued a $98,000 fire insurance policy in plaintiff's name on or about December 9, 1988 and such policy was in effect on November 1, 1990, when the premises burned down. Defendant denies the existence of such policy and has withheld its payment to plaintiff, who timely filed an action to recover.

Movant now seeks to intervene, asserting that a judgment without her presence in that action would impair or impede her interest as a tenant-in-common of the property.

### II. DISCUSSION

Rule 24(a) provides for intervention as of right when the movant claims "an interest relating to the property ... which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest...." Fed.R.Civ.P. 24(a). Based on this Court's Order dated June 21, 1990, movant appears to have an insurable interest in the premises. Unlike plaintiff, however, she did not insure her interest. Clearly, the mere holding of an insurable interest does not entitle a person to a share of insurance proceeds. "Resort must be had to the terms of the policy to determine who is covered and the extent of the coverage." *Etterle v. Excelsior Ins. Co.*, 74 A.D.2d 436, 428 N.Y.S.2d 95, 98 (4th Dep't 1980); *see Stainless, Inc. v. Employers' Fire Ins. Co.*, 69 A.D.2d 27, 418 N.Y.S.2d 76, 78 (1st Dep't 1979), *aff'd*, 49 N.Y.2d 924, 428 N.Y.S.2d 675, 406 N.E.2d 490 (Ct. App.1980).

At no point does movant allege that she is a party to the insurance agreement between plaintiff and defendant. She merely contends that her position as a tenant-in-common with plaintiff entitles her to the benefits of plaintiff's insurance contract and representation in the suit. In order to be considered as a third-party beneficiary, however, movant must show from within the four corners of the insurance contract, that *both* parties intended that she receive the benefits. *See McKenzie v. New Jersey Transit Rail Operations*, 772 F.Supp. 146, 149 (S.D.N.Y.1991); *Cerullo v. Aetna Casualty & Surety Co.*, 41 A.D.2d 1, 341 N.Y.S.2d 767, 769 (4th Dep't 1973). Movant has not, and cannot, do so.

Any judgment in the instant case will neither impair nor impede movant's interests as she is neither a party to the insurance agreement nor an intended third-party beneficiary. Therefore, movant's Rule 24(a) motion must be denied.

Rule 24(b)(2) provides for third-party intervention into a suit in which the applicant has a common legal or factual claim as exists in the underlying action. Movant, however, has no legal or factual claim in common with the instant action and there-

fore her Rule 24(b) motion must also be denied.

### III. CONCLUSION

Accordingly, for the aforementioned reasons, Ljunquist's motion to intervene in the instant action pursuant to Rule 24 of the Federal Rules of Civil Procedure is denied.

SO ORDERED.