**Josephine A. COUNIHAN,**
**Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Defendant–Appellee.**

**No. 924, Docket 93–7873.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1994.

Decided May 26, 1994.

Richard B. Lind, New York City (McCostis & Lind, of counsel), for plaintiff-appellant.

Dennis M. Brown, Smithtown, NY (Richard J. Inzerillo, P.C., of counsel), for defendant-appellee.

Before: MINER and MAHONEY, Circuit Judges, RESTANI,* Judge.

MINER, Circuit Judge:

Plaintiff-appellant Josephine A. Counihan appeals from a summary judgment entered in the United States District Court for the Eastern District of New York (Wexler, *J.*) in favor of defendant-appellee Allstate Insurance Company ("Allstate") in an action to recover on a fire insurance policy. The structure covered by the policy was totally destroyed by fire. Subsequent to the fire loss, a final judgment of forfeiture was entered on the basis of an earlier use of the property for illegal drug activities. Because the statute authorizing forfeiture under these circumstances provides that title vests in the United States as of the date of the act giving rise to the forfeiture, the district court determined that the plaintiff had no insurable interest in the property at the time of the fire. We are called upon to decide for the first time whether the "relation-back" provision of the forfeiture statute serves to divest a property owner of an insurable interest so as to bar recovery on a fire insurance policy where a fire loss occurs before the government acquires title to the property pursuant to a final decree of forfeiture. Disagreeing with the district court, we reject the notion of retroactive divestiture of an insurable interest and therefore reverse and remand in accordance with the analysis that follows.

## BACKGROUND

Plaintiff acquired a one-half interest in the residential dwelling house property designated as 890 Noyac Road, Noyac, NY in 1982. The house was occupied by various tenants between 1982 and 1990. Among the tenants occupying the property as of July 22, 1988 was Thomas Counihan, son of plaintiff. On that date, a police agent purchased a quantity of cocaine at the property. Later that same day, police officers of the Town of Southhampton executed a warrant for the search of the property and arrested Thomas Counihan. Drugs, drug paraphernalia and cash were recovered during the search.

Plaintiff maintained insurance on the property both before and after July 21, 1988. On December 9, 1988, Allstate issued to plaintiff the most recent policy of fire insurance covering the dwelling house. The policy bore the title "Allstate Landlords Package Policy" and provided a limit of liability for fire damage to the property in the amount of $93,000. The insurance contract was in full force and effect on November 1, 1990, when the dwelling was destroyed by fire. Up to the time of the fire, plaintiff made all mortgage, tax and

---

* Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation.

insurance premium payments that were due on the property and paid for utility services as well. She also collected rents from the various tenants who occupied the property. At the time of the fire, plaintiff and Patricia Ljunquist, former wife of Thomas Counihan, each held a one-half interest in the property.

On February 9, 1989, the government filed a complaint *in rem* by which it sought forfeiture of the property on the basis of the narcotics activity that had occurred at the premises in July of the previous year. At about the same time, the government also seized the property, basing the seizure as well as the forfeiture action on the statutory provision for forfeiture of

> [a]ll real property, including any right, title and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter.

21 U.S.C. § 881(a)(7).

Following a jury verdict in favor of the government in the forfeiture action, a judgment of forfeiture was entered in the district court on July 2, 1990. On appeal, we reversed, finding that the district court had abused its discretion by allowing a post-trial amendment of the complaint. *See United States v. 890 Noyac Rd.*, 945 F.2d 1252, 1259 (2d Cir.1991). We observed in our decision that, on remand, the claimant (the plaintiff here) could avoid forfeiture by establishing either that she had no knowledge of the narcotics activity at the premises or, if she had knowledge, she did not consent to it. *Id.* at 1260. As previously noted, the fire that destroyed the premises occurred on November 1, 1990, a date that followed the judgment of forfeiture but preceded our October 3, 1991 opinion for reversal. The government neither asserted any rights nor made any efforts to remove plaintiff from possession following the 1990 judgment of forfeiture.

On October 31, 1991, prior to any proceedings on remand in the forfeiture case, the action giving rise to the appeal at bar was commenced. It was not until May 27, 1992 that the second and final judgment of forfeiture was entered after trial in the district court. The jury apparently rejected Ms. Counihan's innocent owner defense. We affirmed by summary order on February 4, 1993. *United States v. Certain Real Property*, 990 F.2d 1250 (2d Cir.1993). Thereafter, both parties in the case presently before us moved for summary judgment in the district court. In a Memorandum and Order dated August 4, 1993, the district court granted the motion of Allstate and denied the motion made by plaintiff. *See Counihan v. Allstate Ins. Co.*, 827 F.Supp. 132 (E.D.N.Y.1993). Final judgment in favor of Allstate was entered on August 18, 1993.

According to the district court's decision, plaintiff would have been entitled to recover in the absence of the "relation-back" provisions of 21 U.S.C. § 881, since the policy was purchased and the loss occurred well before the date the final judgment of forfeiture was entered. *Id.* at 135–36. It was the provision relating to retroactivity, however, that led the district court to conclude its opinion as follows:

> [W]here property, otherwise duly insured, is forfeited to the government retroactive to a time prior to the purchase of the insurance policy, such forfeiture renders the policy void by retroactively divesting the policyholder of her insurable interest in the property.

*Id.* at 136 (footnote omitted).

## DISCUSSION

 New York law provides that no insurance policy "shall be enforceable except for the benefit of some person having an insurable interest in the property insured." N.Y.Ins.Law § 3401 (McKinney 1985). "Insurable interest" is defined as including "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." *Id.* According to the New York Court of Appeals, "the rights under a fire insurance policy are fixed both as to amount and standing to recover at the time of the fire loss." *See Whitestone Sav. & Loan Assoc. v. Allstate Ins. Co.*, 28 N.Y.2d 332, 334, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971). We likewise

have recognized that section 3401 "require[s] an insurable interest at the time of the loss in cases involving property or casualty insurance." *See Herman v. Provident Mut. Life Ins. Co.*, 886 F.2d 529, 534 (2d Cir.1989).

Plaintiff had an insurable interest in the property when the fire occurred on November 1, 1990. That is, she had a substantial economic interest in the preservation of the building. She was paying the real estate taxes, mortgage installments, utility charges and insurance premiums. She apparently had been collecting rents for some time before the fire occurred, and it is established that "rent represents a significant portion of the exploitable economic value of [a] home." *United States v. James Daniel Good Real Property*, — U.S. —, —, 114 S.Ct. 492, 501, 126 L.Ed.2d 490 (1993). But it was not only the right to receive rents that was at risk at the time of the fire; it was also the "pecuniary benefit" of plaintiff's interest in the property itself that was at risk when the fire occurred. *See Scarola v. Insurance Co. of N. Am.*, 31 N.Y.2d 411, 413, 340 N.Y.S.2d 630, 292 N.E.2d 776 (1972) (innocent purchaser of stolen car has insurable interest). The final judgment of forfeiture was yet to be entered, since the first judgment of forfeiture, destined to be reversed, was at the time of the fire subject to a pending appeal.

■ What was in effect on November 1, 1990 was a so-called "seizure" by the government. It is not at all clear that the seizure afforded the government any interest in the property whatsoever, since it was of questionable validity. In civil forfeiture cases, the government may not seize real property without providing owners with notice and an opportunity to be heard, in the absence of exigent circumstances. *See Good Real Property*, — U.S. at —, 114 S.Ct. at 505. The record before us reveals nothing in regard to pre-seizure notice and hearing, and there certainly were no exigent circumstances that would justify dispensing with these due process rights. In any event, the seizure here certainly did not divest the plaintiff of an insurable interest, since she continued to exercise virtually all the incidents of ownership right up until the time of the fire. Whatever interest in the property the government may

have derived from the seizure was insufficient to deprive plaintiff of her economic interests. The district court effectively agreed with the plaintiff to that extent:

Were there no relation back provision in the forfeiture statute, that is, were the forfeiture deemed effective only as of the date of final judgment, there would seem to be no question that Counihan, who had purchased her policy and whose loss had occurred well before May 27, 1992, the date judgment was entered in *Noyac Road II*, could have recovered under the policy.

827 F.Supp. at 134 (footnote omitted).

■ Where the district court differed with the plaintiff, and where we differ with the district court, is in the applicability of the "relation-back" provision of the forfeiture statute. We do not think that this provision serves retroactively to divest an insurable interest that once is established. The provision in question is simple and direct:

All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.

21 U.S.C. § 881(h).

■ It is manifest that the statutory provision cannot serve to transfer ownership of the property until there is a final judgment of forfeiture. In *United States v. 92 Buena Vista Ave.*, — U.S. —, —, 113 S.Ct. 1126, 1137, 122 L.Ed.2d 469 (1993) (plurality opinion), the government argued that an individual was not entitled to raise the "innocent owner" defense in a forfeiture proceeding because she had purchased the property with proceeds of an illegal narcotics transaction and section 881(h) vested ownership of the property in the government at the moment the alleged proceeds were used to pay the purchase price. The Supreme Court rejected this argument, equating the common-law rule of relation-back to its statutory equivalent:

The common-law rule had always allowed owners to invoke defenses made available

to them *before* the Government's title vested. . . .

*Id.* — U.S. at ——, 113 S.Ct. at 1137.

The foregoing compels the conclusion that not every right of the owner is lost by virtue of the relation-back of title. Among the rights that survive are rights under a fire insurance policy, which, as previously noted, "are fixed both as to amount and standing to recover at the time of the fire loss." *Whitestone Sav.*, 28 N.Y.2d at 334, 321 N.Y.S.2d 862, 270 N.E.2d 694. Here, the government did not win a final judgment of forfeiture until long after the loss by fire of the property in which plaintiff clearly had an insurable interest. By the time that judgment was entered, the right of plaintiff to assert a claim under her insurance policy had become fixed. Simply put, the government could not contend that it owned the property until a judgment of forfeiture was entered. *See United States v. Daccarett*, 6 F.3d 37, 53–54 (2d Cir.1993), *cert. denied*, — U.S. ——, ——, ——, 114 S.Ct. 1294, 1295, 1538, 127 L.Ed.2d 648, 128 L.Ed.2d 190 (1994). By then, Allstate's obligation to pay had become fixed under plaintiff's policy and that obligation could not be discharged by the operation of the legal fiction known as relation-back.

■ The forfeiture statute at issue here is designed to provide a significant weapon in the government's arsenal for the war on narcotics. It certainly was not enacted to shield insurance carriers from their contractual obligations. Nevertheless, the district court determined that retroactive divestiture of plaintiff's insurable interest was necessary for policy reasons, stating that if

> insurance proceeds could be obtained where the property subject to forfeiture was destroyed, drug traffickers would have an incentive to commit arson in an attempt to avoid the effect of the forfeiture laws.

827 F.Supp. at 134 (footnote omitted). This is not necessarily so. Those who commit arson, if identified, cannot recover on fire insurance contracts. *See, e.g., Torian v. Reliance Ins. Co.*, 171 A.D.2d 971, 567 N.Y.S.2d 913, 914 (App.Div.1991). Even if arson is not detected, it lies within the power of the government to reach the proceeds of the fire insurance policy through various means.

The government may seek to intervene in an action brought by the owner to recover the insurance proceeds. *See Curry v. Vanguard Ins. Co.*, 923 F.2d 484, 485 (6th Cir. 1991). At an earlier stage, it may seek a restraining order to prevent the payment of the policy proceeds before the forfeiture issue is decided. A *lis pendens* authorized by state law gives notice to the world of the pending forfeiture action, *Good Real Property*, — U.S. at ——, 114 S.Ct. at 503, and of the government's interest in the property, including any insurance proceeds. A search of the title will enable the government to ascertain all who are parties in interest and to give proper notice of its claims to insurance carriers. In short, there are various means and methods available to the government to see that its interests in the proceeds are protected while the forfeiture proceeding is *sub judice*. After a final adjudication of forfeiture, it is open to the government to assert ownership of the proceeds on a claim of constructive trust. *See, e.g.,* 106 N.Y.Jur.2d Trusts, § 162 ("a person may be deemed to be 'unjustly enriched' if he has received the benefit, the retention of which may be unjust").

Although plaintiff asks us to direct the entry of judgment in her favor, we cannot do so. Besides its defense of retroactive divestiture of insurable interest, Allstate raised in the district court several other defenses not addressed by the district court. Among those defenses were failure to comply with the terms of the insurance policy, error in the policy limits and various procedural deficiencies. Accordingly, we are constrained to remand for further proceedings.

## CONCLUSION

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with the foregoing. Each side shall bear its own costs on appeal.

MAHONEY, Circuit Judge, concurring in the judgment:

I agree with my colleagues that because (1) the government neither asserted any

rights regarding, nor made any efforts to remove Counihan from possession of, the property following the July 2, 1990 judgment of forfeiture, and (2) Counihan made mortgage, tax, insurance premium, and utility payments, and collected rents from the various tenants who occupied the property, from the time of that judgment until the November 1, 1990 fire that destroyed the property, she had an insurable interest in the property when the fire occurred. I therefore join in the judgment reversing the decision of the district court to the contrary.

I write separately, however, to address further the interplay of 21 U.S.C. § 881(h) with *United States v. 92 Buena Vista Ave.,* — U.S. ——, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993), and *United States v. Daccarett,* 6 F.3d 37 (2d Cir.1993), *cert. denied,* — U.S. ——, ——, ——, 114 S.Ct. 1294, 1295, 1538, 127 L.Ed.2d 648, 128 L.Ed.2d 190 (1994). These cases establish only that an "innocent owner" or comparable defense may be asserted at trial despite the "relation back" provision of § 881(h), which comes into play only when the judgment of forfeiture is entered. These cases explicitly recognize, however, that once a judgment of forfeiture is entered, it relates back to the event giving rise to forfeiture in accordance with § 881(h). *See Buena Vista,* — U.S. at ——, 113 S.Ct. at 1137 (plurality opinion) ("Our decision denies the Government no benefit of the relation back doctrine."); *Daccarett,* 6 F.3d at 53 ("The relation back doctrine is one of *'retroactive* vesting of title that operates only upon entry of the judicial order of forfeiture or condemnation.'") (quoting *Buena Vista,* — U.S. at ——, 113 S.Ct. at 1138 (Scalia, J., concurring in the judgment)) (emphasis in *Buena Vista*).

Thus, the majority's assertion "that [§ 881(h)] cannot serve to transfer ownership of the property until there is a final judgment of forfeiture" is accurate as far as it goes, but incomplete. The transfer does not occur until the judgment of forfeiture is entered, but upon entry the judgment relates back to the "commission of the act giving rise to the forfeiture", § 881(h), in this case to July 22, 1988, well before the fire that occurred on November 1, 1990.

All of this is a discussion about dictum, of course, because the panel is agreed that whatever the juridicial status of the property on November 1, 1990, Counihan had an insurable interest in the property on that date because (as the majority puts it) "she continued to exercise virtually all the incidents of ownership right up until the time of the fire," and did so with at least the implicit consent of the government. It is nonetheless important to clarify that while our ruling benefits Counihan vis-a-vis Allstate Insurance Company, it does not impair the government's rights against the property pursuant to § 881(h), including any rights that it may choose to assert with respect to the insurance proceeds.