**Josephine COUNIHAN, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. CV 91–4281.**

United States District Court, E.D. New York.

Nov. 30, 1995.

Richard B. Lind, New York City, for Plaintiff.

Richard J. Inzerillo, P.C., Smithtown, New York, for Defendant.

Zachary W. Carter, United States Attorney by Charles S. Kleinberg, Assistant U.S. Atty., Brooklyn, New York, for Intervenor U.S.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

### I.

Plaintiff Josephine Counihan brought this action against defendant Allstate Insurance Company ("Allstate") to recover on an insurance policy issued by Allstate to Counihan on a residence located at 890 Noyac Road, Noyac, New York, (the "subject property"), which suffered fire loss on November 1, 1990. This Court detailed the background of this action in a Memorandum and Order, dated August 4, 1993, familiarity with which is assumed. *See Counihan v. Allstate Ins. Co.,* 827 F.Supp. 132 (E.D.N.Y.1993) (the "August 4 Order").

In short, before the fire loss, the government filed a complaint *in rem* seeking forfeiture of the subject property on the basis of illegal drug activities that had occurred there in July 1988 and seized the property pursuant to 21 U.S.C. § 881. Following a jury trial, a final judgment of forfeiture was entered in this Court on July 2, 1990. On appeal, the Second Circuit reversed the judgment by decision dated October 3, 1991, and remanded the forfeiture action. *See United States v. Certain Real Property,* 945 F.2d 1252 (2d Cir.1991). As noted, the fire loss occurred on November 1, 1990, after the judgment of forfeiture and before the Second Circuit's reversal. Following remand, a new trial resulted in a second judgment of forfeiture, entered May 27, 1992. This second judgment was affirmed by the Second Circuit by summary order on February 4, 1993. *See United States v. Certain Real Property,* 990 F.2d 1250 (2d Cir.1993).

Before proceedings on remand in the forfeiture action, Counihan commenced this action on October 31, 1991. Thereafter, both parties in this action brought motions for summary judgment. By the August 4 Order, this Court denied Counihan's motion and granted Allstate's motion, dismissing the complaint on the ground that Counihan had no insurable interest in the subject property due to the "relation-back" provision of 21 U.S.C. § 881. *Counihan,* 827 F.Supp. at 136. Final judgment was entered on August 18, 1993. On appeal, the Second Circuit reversed and remanded, holding that Counihan did have an insurable interest in the subject property at the time of the fire loss. *See Counihan v. Allstate Ins. Co.,* 25 F.3d 109 (2d Cir.1994). In its decision, the Second Circuit indicated that the government may seek to intervene in this action on a claim of constructive trust. *See id.* at 113.

Not surprisingly, upon remand, the government brought a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure ("FRCP") before Magistrate Judge Arlene R. Lindsay, to whom this action had been referred for pretrial purposes. Counihan opposed the motion, and Allstate took no position. By Memorandum and Order, dated April 7, 1995, Magistrate Judge Lindsay granted the government's motion, finding that intervention is appropriate both as a matter of right under FRCP 24(a)(2) and as a matter of discretion under FRCP 24(b)(2) (the "April 7 Order"). Presently before the Court is Counihan's objection to the April 7 Order. Thus, the Court must determine whether the Magistrate Judge's decision is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

### II.

■ Upon consideration, this Court agrees with the Magistrate Judge that the government should be permitted to intervene in this action. *See Curry v. Vanguard Ins. Co.,* 923 F.2d 484, 485 (6th Cir.1991) (government permitted to intervene in action to recover

insurance proceeds, and action subsequently consolidated with forfeiture action). FRCP 24(a)(2) requires the applicant to: (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that disposition of the action may as a practical matter, impair or impede the applicant's ability to claim or protect that interest; and (4) have an interest that is not adequately represented by existing parties. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

■ Although the government's motion comes over two and one-half years after this action was commenced, under the circumstances, the motion is not untimely, particularly considering that plaintiff has not shown undue prejudice from any delay by the government. *Pitney Bowes*, 25 F.3d at 70; *see also Meyer v. Macmillan Pub. Co.*, 85 F.R.D. 149, 150 (S.D.N.Y.1980) (intervention under FRCP 24(b) allowed where sought one and one-half years after complaint filed and defendant failed to show prejudice from delay).

■ As the Second Circuit recognized, the government should be permitted to assert ownership of the proceeds on a claim of constructive trust. A constructive trust has long been a vehicle used by courts to do equity and prevent unjust enrichment. *See Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 363, 380 N.E.2d 189, 193 (1978). " '[A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' " *Id.* (quoting *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 122 N.E. 378 (1919)). Although, under New York law, a party claiming entitlement to a constructive trust must ordinarily establish four factors,[1] the "constructive trust doctrine is not rigidly limited ... [and a] constructive trust will be erected whenever necessary to satisfy the demands of jus-

tice." *Id.; see also In re Koreag, Controle et Revision, S.A.*, 961 F.2d 341, 352–53 (2d. Cir.) (recognizing that New York courts have at times dispensed with one or more of the four factors ordinarily required for imposing a constructive trust), *cert. denied*, 506 U.S. 865, 113 S.Ct. 188, 121 L.Ed.2d 132 (1992). If it is determined that Counihan is entitled to recover insurance proceeds under her policy with Allstate, it is open to the government to argue that the circumstances warrant imposition of a constructive trust.

The Court believes that the government's interest is not adequately represented by either of the parties to the action—the plaintiff insured or the defendant insurer, and the government's interest may be impaired or impeded if required to bring a separate action. Undoubtedly, Counihan's enthusiasm in prosecuting this action will be lessened if she ultimately will be required to account to the government for any of the money she recovers here. If the government is not permitted to intervene and plaintiff does not recover under the insurance policy in this action, there will be no proceeds against which the government may assert ownership on a claim of constructive trust.

■ Lastly, Counihan argues that to permit the government to intervene would violate the Double Jeopardy Clause of the Fifth Amendment in that it would allow the government "to 'punish' plaintiff Counihan again for the same offense," Plaintiff's Objections at 12. Because the government's interest in insurance proceeds on a claim of constructive trust, limited to the extent of the loss suffered to the forfeited property, would not constitute multiple punishment, Counihan's double jeopardy claim must be rejected.

### III.

For the reasons above, the Magistrate Judge's decision to permit the government to intervene under FRCP 24(a)(2) is neither

---

1. These factors are (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance

on that promise; and (4) unjust enrichment. *See In re Koreag, Controle et Revision, S.A.*, 961 F.2d

clearly erroneous nor contrary to law.[2] Accordingly, plaintiff Counihan's objections to the Magistrate Judge's April 7 Order are rejected, and the Court accepts and adopts the Magistrate Judge's decision to permit the government to intervene.

SO ORDERED.

341, 352 (2d Cir.), *cert. denied,* 506 U.S. 865, 113 S.Ct. 188, 121 L.Ed.2d 132 (1992).

**2.** Based on this determination, the Court need not decide whether permissive intervention is appropriate under FRCP 24(b)(2).