**Josephine COUNIHAN, Plaintiff–Appellant,**

**United States of America, Plaintiff–Intervenor–Appellee,**

v.

**ALLSTATE INSURANCE CO., Defendant.**

**No. 98–6163.**

United States Court of Appeals, Second Circuit.

Argued: May 25, 1999.

Decided: Oct. 13, 1999.

Richard B. Lind, New York, NY, for Plaintiff–Appellant.

Charles S. Kleinberg, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, Eastern District of New York, Deborah B. Zwany and Arthur P. Hui, Assistant United States Attorneys), for Plaintiff–Intervenor–Appellee.

Before: KEARSE, MINER and McLAUGHLIN, Circuit Judges.

MINER, Circuit Judge:

Plaintiff–Appellant Josephine Counihan appeals from a judgment entered in the United States District Court for the Eastern District of New York (Wexler, J.) imposing a constructive trust in favor of plaintiff-intervenor-appellee the United States of America (the "government" or the "United States") on benefits paid pursuant to an insurance policy issued by defendant Allstate Insurance Co. ("Allstate"). During the course of forfeiture proceedings against Counihan, but prior to the final entry of judgment, the property which the United States sought to seize by forfeiture was partially destroyed by arson. After the fire, Counihan brought the action giving rise to this appeal against Allstate to recover the insurance proceeds. The United States intervened in the action, asserting that it was entitled to the benefits of the fire insurance policy under a theory of constructive trust. The district court imposed a constructive trust on the proceeds, concluding that Counihan would

be unjustly enriched if she were to receive the benefits of the fire insurance policy.

Affirmed.

## BACKGROUND

The extensive background of this action is set out in our three previous opinions dealing with this litigation. *See Counihan v. Allstate Ins. Co.,* 25 F.3d 109 (2d Cir. 1994) (Miner, J.), *United States v. Certain Real Property,* 990 F.2d 1250 (2d Cir.1993) (summary order), *United States v. 890 Noyac Road,* 945 F.2d 1252 (2d Cir.1991). We presume familiarity with each of those opinions and recount here only those facts most pertinent to the resolution of this appeal.

Josephine Counihan owned a one-half interest in property at 890 Noyac Road in Noyac, New York (the "Property"). In July of 1988, police raided the Property and arrested Thomas Counihan, Counihan's son, for drug dealing. In February of 1989, the government filed a complaint *in rem* seeking forfeiture of Counihan's interest in the Property pursuant to 21 U.S.C. § 881(a)(7) (the "forfeiture action"), predicating forfeiture on Counihan's knowledge of the prior drug activity at the Property. In response, Counihan filed a claim in the forfeiture action as an innocent owner. In December of 1989, Counihan renewed an insurance policy on the residence that she had first obtained a year earlier from Allstate.

In July of 1990, a jury in the forfeiture action returned a verdict in the government's favor, and the district court entered a judgment of forfeiture. Counihan appealed the judgment and continued to exercise the incidents of ownership without objection from the government. On November 1, 1990, arson destroyed the Property. In October of 1991, we reversed the judgment of forfeiture and remanded for a

new trial, holding that the district court abused its discretion by allowing a posttrial amendment of the complaint to set forth matters that occurred after July 22, 1988, the date Thomas Counihan was arrested. *See 890 Noyac Road,* 945 F.2d at 1259. After reversal, in October of 1991, Counihan instituted the action giving rise to this appeal in order to recover the proceeds of the insurance policy due on account of the fire (the "insurance action").[1]

On remand in the forfeiture action, a jury again returned a verdict in the government's favor, and the district court entered a final judgment of forfeiture in May of 1992. On appeal, we affirmed the judgment. *See Certain Real Property,* 990 F.2d 1250. Pursuant to the forfeiture judgment, the government sold the property for $50,000. From these proceeds, the government paid closing costs and Counihan's first mortgage debt of $32,275.25, receiving net proceeds of $5,000.

In August of 1993, the parties crossmoved for summary judgment in the insurance action. The district court granted Allstate's motion and dismissed the complaint, concluding that Counihan had no insurable interest in the Property at the time of the fire due to the "relation-back" provision of the Comprehensive Drug Abuse Prevention & Control Act of 1970, 21 U.S.C. § 881(h). *See Counihan v. Allstate Ins. Co.,* 827 F.Supp. 132, 136 (E.D.N.Y.1993). On appeal, we reversed and remanded. *Counihan,* 25 F.3d 109. We held that the "relation-back" provision of the statute could not serve retroactively to divest Counihan of the Property because, at the time of the fire, the final judgment of forfeiture had not been entered and Counihan therefore still had an insurable interest in the Property. *See id.* at 113. We commented that

1. Patricia Ljunquist, former wife of Thomas Counihan and owner of a one-half interest in the Property, sought to intervene in the insurance action. Her motion was denied, however, because she was neither a party to the

insurance policy nor an intended third-party beneficiary. *See Counihan v. Allstate Ins. Co.,* 142 F.R.D. 387, 388 (E.D.N.Y.1992). Ljunquist had no other insurance covering her interest in the Property.

[e]ven if arson is not detected, it lies within the power of the government to reach the proceeds of the fire insurance policy through various means.

The government may seek to intervene in an action brought by the owner to recover the insurance proceeds.... After a final adjudication of forfeiture, it is open to the government to assert ownership of the proceeds on a claim of constructive trust.

*Id.*

In November of 1995, the district court granted a motion by the government to intervene in the insurance action. *See Counihan v. Allstate Ins. Co.*, 907 F.Supp. 54, 55 (E.D.N.Y.1995). Prior to trial, Allstate agreed to pay the fire insurance proceeds plus interest into an escrow account, to be held until Counihan and the United States resolved the issue of entitlement to the proceeds. Thereafter Counihan and the United States stipulated

> that the Court can take judicial notice of all prior proceedings, filings and opinions in [the forfeiture action] and [the insurance action], and can make findings of fact based thereon.

On June 16, 1998, the district court issued its decision, listing twenty numbered findings of fact and seven conclusions of law, determining that the government was entitled to the policy proceeds under a theory of constructive trust. The court noted that the purpose of a constructive trust is to prevent unjust enrichment and found that retention of the insurance policy proceeds by Counihan would result in her unjust enrichment. In imposing the constructive trust, the district court observed that the government's right to the proceeds did not depend upon a showing of Counihan's involvement in the arson. The district court concluded that, under the circumstances, equity and good conscience dictated the remedy provided. Judgment was entered accordingly, and this appeal followed.

## DISCUSSION

On appeal, we review the district court's underlying findings of fact for clear error, and its conclusions of law are reviewed *de novo*. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999); *Brand v. Brand*, 811 F.2d 74, 77–78 (2d Cir.1987) (affirming district court's imposition of a constructive trust). In this diversity action, we apply the substantive law of New York. *See id.* at 77.

" '[A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' " *Simonds v. Simonds*, 45 N.Y.2d 233, 241, 408 N.Y.S.2d 359, 380 N.E.2d 189 (1978) (quoting *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378 (1919) (Cardozo, J.)); *see* 106 N.Y.Jur.2d Trusts § 162 (1993) ("a person may be deemed to be 'unjustly enriched' if he has received a benefit, the retention of which would be unjust").

Constructive trusts have been imposed in a variety of situations where equity had dictated such a remedy. *See, e.g., United States v. Coluccio*, 51 F.3d 337, 340 (2d Cir.1995) (constructive trust imposed in favor of claimant's mother who provided monies to secure cost bond so that claimant could contest criminal seizure of his aircraft); *Golden Budha Corp. v. Canadian Land Co. of America*, 931 F.2d 196, 202 (2d Cir.1991) (cause of action stated against party allegedly in possession of converted treasure trove); *Latham v. Father Divine*, 299 N.Y. 22, 29, 85 N.E.2d 168 (1949) (constructive trust imposed where fraud, duress or undue influence prevented testatrix from executing a will bequeathing property to others); *G & M Motor Co. v. Thompson*, 567 P.2d 80, 84 (Okla.1977) (constructive trust impressed upon proceeds of life insurance policies where portion of premiums paid with embezzled funds).

A constructive trust is an equitable remedy, necessarily flexible to accomplish its purpose. *See Simonds,* 45 N.Y.2d at 241, 408 N.Y.S.2d 359, 380 N.E.2d 189. Its purpose is to prevent unjust enrichment, although unjust enrichment does not necessarily implicate the performance of a wrongful act. *See id.* at 242, 408 N.Y.S.2d 359, 380 N.E.2d 189. What is necessary is that the court identify a party who is holding property "under such circumstances that in equity and good conscience he ought not to retain it." *Miller v. Schloss,* 218 N.Y. 400, 407, 113 N.E. 337 (1916). Counihan contends that she is not such a party and that she would not be unjustly enriched at the government's expense if she received the insurance proceeds. We disagree and adopt the district court's conclusion that "[i]f plaintiff is allowed to retain the policy proceeds, she will be unjustly enriched, notwithstanding her contention that the government has failed to prove that she was involved in the arson."

Whether a party is unjustly enriched is a legal conclusion "reached through the application of principles of equity." *Sharp v. Kosmalski,* 40 N.Y.2d 119, 123, 386 N.Y.S.2d 72, 351 N.E.2d 721 (1976). Equity is the essential component with which a court must concern itself. *See Beatty,* 225 N.Y. at 389, 122 N.E. 378 ("A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief."). Unjust enrichment results when a person retains a benefit which, under the circumstances of the transfer and considering the relationship of the parties, it would be inequitable to retain. *See McGrath v. Hilding,* 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977).

The insurance proceeds here represent a portion of the value of the Property that the United States would have received but for the arson. The district court found that prior to the fire the value of the Property was approximately $150,000. After the fire, the United States sold the Property for $50,000. The fire insurance proceeds at issue total $110,000.[2] Equity would be offended if, due to the fortuity of the fire, Counihan retained the insurance proceeds when she could not retain the Property. The insurance proceeds represent the same economic benefits in the Property which, pursuant to the forfeiture judgment, Counihan was required to forfeit directly to the United States. A constructive trust is properly imposed in this situation in order to make the government whole for its loss of the value of the Property; unjust enrichment would otherwise result. Any other disposition would serve to encourage the intentional and clandestine destruction of insured properties that are the subject of forfeiture proceedings.

In its findings of fact, the district court observed that the circumstances strongly suggested that Counihan arranged for the arson. While Counihan contests this point, we need not reach this question because a finding of unjust enrichment "does not require the performance of any wrongful act by the one enriched." *Simonds,* 45 N.Y.2d at 242, 408 N.Y.S.2d 359, 380 N.E.2d 189. Indeed, "[i]nnocent parties may frequently be unjustly enriched." *Id.* (citations omitted). However, Counihan cannot be said to be innocent under the circumstances. Her property was forfeited because she knew of the drug activity at the Property and did nothing to stop it.

Counihan argues that the government has not established the four elements that she claims are required by New York law to erect a constructive trust. These elements, set out by the New York Court of Appeals in *Sharp,* 40 N.Y.2d at 121, 386 N.Y.S.2d 72, 351 N.E.2d 721,

---

**2.** The record does not indicate why the insurance proceeds ($110,000) plus the value of the Property sold ($50,000) are $10,000 more than the value of the Property prior to the fire ($150,000).

are: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment." This argument need not detain us long, for the New York Courts do not insist that a constructive trust must fit within the framework of these elements. *See Palazzo v. Palazzo,* 121 A.D.2d 261, 503 N.Y.S.2d 381, 383–84 (1st Dep't 1986) ("[T]he power of equity to employ a constructive trust to reach a just result is not strictly limited by the conditions set forth in *Sharp v. Kosmalski* "); *Tordai v. Tordai,* 109 A.D.2d 996, 486 N.Y.S.2d 802, 804 (3d Dep't 1985) (*Sharp v. Kosmalski* factors "are not rigid, but flexible considerations for the court to apply in determining whether a constructive trust should be imposed"); *Coco v. Coco,* 107 A.D.2d 21, 485 N.Y.S.2d 286, 289 (2d Dep't 1985) (" 'these factors are merely useful guides and are not talismanic' ") (quoting *Reiner v. Reiner,* 100 A.D.2d 872, 474 N.Y.S.2d 538, 541 (2d Dep't 1984)). Applying New York law, we have observed that, "[a]lthough these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be 'rigidly limited.' " *In re Koreag, Controle et Revision S.A. v. Refco F/X Assoc., Inc.* (*In re Koreag* ), 961 F.2d 341, 352 (2d Cir.1992) (quoting *Simonds,* 45 N.Y.2d at 241, 408 N.Y.S.2d 359, 380 N.E.2d 189); *accord Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 743 F.Supp. 176, 180 (S.D.N.Y. 1990) (the elements are not talismanic and courts have imposed a constructive trust in the absence of some of these elements). What the New York courts do insist upon is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is essential to prevent unjust enrichment. As has been demonstrated, such a showing has been made here with regard to the insurance proceeds sought by Counihan.

Addressing the four *Sharp* factors specifically, it can be argued that the first, or fiduciary relation, factor is made out by the trust and confidence reposed by the government in Counihan by permitting her to retain the incidents of ownership even after the first judgment of forfeiture was entered. In any event, the lack of a fiduciary relationship does not defeat the imposition of a constructive trust. *See In re Koreag,* 961 F.2d at 353. As to the "promise" factor, it can be said that Counihan impliedly promised to transfer the insurance proceeds to the government. "[A] promise may be implied or inferred from the very transaction itself." *Sharp,* 40 N.Y.2d at 122, 386 N.Y.S.2d 72, 351 N.E.2d 721. Although the government's forfeiture interest was in the Property, the insurance proceeds represent the portion of the value of the property that was destroyed. By implication, Counihan promised to deliver the Property or the proceeds while exercising the prerogatives of an owner pending the final determination of the forfeiture question.

As to the third *Sharp* factor, transfer in reliance upon a promise, Counihan contends that the government could not have established the transfer of the insurance policy in reliance upon a non-existent promise. As noted, we imply the existence of a promise to convey the full value of the property in this situation. Even though there was no formal transfer of the insurance policy from Counihan to the government prior to the fire, this deficiency should not be allowed to spawn an inequitable result. We impose a constructive trust where the holder of legal title should not, in good conscience and equity, retain the benefits derived from such title. It is for this reason that we designate Counihan as the constructive trustee of the insurance proceeds. We do so in accordance with the fourth, and most significant, of the *Sharp* factors—unjust enrichment, the deterrence of which is the purpose of a constructive trust. In this case, we have no hesitation in finding that the circumstances revealed here call for "the imposition of a constructive trust under the 'equity and good conscience' rule." *Security Pac. Mortgage and Real Estate Servs., Inc. v.*

*Republic of the Philippines*, 962 F.2d 204, 210 (2d Cir.1992).

* * * *

As a final point of error, Counihan contends that the district court's findings of fact were clearly erroneous because (1) the findings of fact constituted "near-verbatim" or "wholesale" adoptions of the Government's proposed findings, (2) the district court refused to include a finding of fact proposed by Counihan, and (3) two of the district court's findings of fact were not supported by substantial evidence.

 Findings of fact that have been taken *verbatim* from those proposed by counsel have been criticized, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 572, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); nonetheless, "they are not to be rejected out-of-hand, and they will stand if supported by evidence." *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 656, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964). When a district judge does more than merely adopt a party's proposed findings, "the findings issued by the District Court represent the judge's own considered conclusions," *Philbrook v. Ansonia Bd. of Educ.*, 925 F.2d 47, 53 (2d Cir.1991) (internal quotation omitted), which may not be set aside unless clearly erroneous. *See* Fed. R.Civ.P. 52(a). Here, the district court did not adopt the government's proposed findings *in haec verba* but revised them in certain respects and not in others, demonstrating that its findings were based on its own perspective. We therefore review the findings under the clearly erroneous standard.

A finding of fact is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573, 105 S.Ct. 1504 (quotations omitted). This standard, however, does not entitle a reviewing court to reverse the findings of fact simply because it is convinced it would have decided the case differently. *See id.*

Because the district court's findings of fact were supported by the record, and in accordance with the stipulation of the parties, they were not clearly erroneous.

We have considered the remainder of Counihan's arguments and find them to be without merit.

## CONCLUSION

In accordance with the foregoing, the judgment of the district court is affirmed.