WHATLEY, Judge.
Linda Williams appeals a final judgment entered in favor of Auto Owners Insurance Company in her action to recover proceeds under an insurance policy. We reverse.
The facts leading up to Williams’s action against Auto Owners are as follows. On February 7, 1991, a fire occurred on commercial property located at 1006 U.S. Highway 92 West in Auburndale, Florida (the Auburndale property) that was owned by Linda Williams and her husband Elbert. The Auburndale property was insured under a policy issued by Auto Owners to Elbert Williams and Florida Central Auto Brokers, Inc., a Florida corporation closely held by Linda and Elbert. On December 16, 1992, Elbert was convicted pursuant to a jury verdict in federal court of trafficking in cocaine. The jury also found by special verdict that the Auburn-dale property was subject to forfeiture. On March 29, 1993, the federal court entered a preliminary order of forfeiture as to the property. On April 20, 1993, the United States sent notice of the forfeiture action to, among others, Linda Williams, as a third party asserting a legal interest in the Auburndale property. On April 29, 1993, Elbert assigned to Linda “all legal and/or equitable rights, title and interests in such property and cause(s) of action(s) which may arise with respect to property located at 1006 Highway 92 West, Auburn-dale, Florida....” On May 21, 1993, Linda filed a petition for return of the property. On July 30, 1993, the federal court entered a final order of forfeiture. Thereafter, Williams and the United States entered into a stipulated agreement to split the proceeds from the sale of the property equally.
In her fourth amended complaint against Auto Owners, Williams alleged actions for a declaratory judgment and for breach of contract based upon Auto Owners’ failure to pay her claim for proceeds for fire damage to the Auburndale property under the insurance policy covering that property. Williams brought suit on behalf of Florida Central Auto Brokers and herself, as assignee of Elbert’s interests in the property and the insurance proceeds. The declaratory judgment count was dismissed with prejudice pursuant to a motion by Auto Owners. Auto Owners then filed a motion for summary judgment asserting that, because of the forfeiture, there is no issue of material fact but that Elbert Williams and his assignee have no legal interest, and therefore no insurable interest, in the Auburndale property. Auto Owners has more specifically argued in this appeal that the relation-back provision of the forfeiture statute served to divest *565 Elbert, and therefore his assignee, of any' interest in the Auburndale property as of the date of his trafficking offense, which was set forth in the indictment as occurring from an unknown date in 1983 through on or about December 6, 1991. The trial court granted Auto Owners’ motion and, pursuant to the order granting that motion, it ultimately entered a final judgment for Auto Owners. That final judgment was entered in error.
The one case that addresses the issue presented in this ease, Counihan v. Allstate Insurance Co., 25 F.3d 109 (2d Cir.1994) (Counihan II), holds contrary to Auto Owners’ position. Auto Owners urges this court to adopt the ease reversed in Counihan II, Counihan v. Allstate Insurance Co., 827 F.Supp. 132 (E.D.N.Y.1993) (Counihan I), but this we decline to do. We find no significance in the fact that Counihan II involved the civil forfeiture statute and the present case involves the criminal forfeiture statute. The relation-back provisions of the two forfeiture statutes are identical. 21 U.S.C. § 853(c) (criminal); 21 U.S.C. § 881(h) (civil).
In Counihan II, arson destroyed property in which Counihan had an insurable interest prior to the entry of a judgment of forfeiture that was based on her son’s drug dealing on the property and her alleged knowledge thereof. Allstate denied Couni-han’s claim for proceeds under the insurance policy she had on the property, and she filed an action to recover those proceeds. The federal district court granted Allstate’s motion to dismiss on the ground that Counihan did not have an insurable interest in the property because of the relation-back provision of the federal civil forfeiture statute. 21 U.S.C. § 881(h) (“All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.”).
Counihan appealed to the Second Circuit, which reversed based on the following well-reasoned analysis that is equally applicable to the facts of the present case:
Where the district court differed with the plaintiff, and where we differ with the district court, is in the applicability of the “relation-back” provision of the forfeiture statute. We do not think that this provision serves retroactively to divest an insurable interest that once is established.
[[Image here]]
It is manifest that the statutoiy provision cannot serve to transfer ownership of the property until there is a final judgment of forfeiture. In United States v. 92 Buena Vista Ave.[, 507 U.S. 111, 128-29, 113 S.Ct. 1126, 1137, 122 L.Ed.2d 469 (1993)], the government argued that an individual was not entitled to raise the “innocent owner” defense in a forfeiture proceeding because she had purchased the property with proceeds of an illegal narcotics transaction and section 881(h) vested ownership of the property in the government at the moment the alleged proceeds were used to pay the purchase price. The Supreme Court rejected this argument, equating the common-law rule of relation-back to its statutory equivalent:
The common-law rule had always allowed owners to invoke defenses made available to them before the Government’s title vested....
The foregoing compels the conclusion that not every right of the owner is lost by virtue of the relation-back of title. Among the rights that survive are rights under a fire insurance policy, which, as previously noted, “are fixed both as to amount and standing to recover at the time of the fire loss.” Here, the government did not win a final judgment of forfeiture until long after the loss by fire of the property in which plaintiff clearly had an insurable interest. By the time that judgment was entered, the right of plaintiff to assert a claim under her insurance policy had become fixed. Simply put, the government could not con *566 tend that it owned the property until a judgment of forfeiture was entered. By then, Allstate’s obligation to pay had become fixed under plaintiffs policy and that obligation could not be discharged by the operation of the legal fiction known as relation-back.
25 F.3d 109,112-113 (citations omitted).[1]
Based on Counihan II, we reverse the final judgment entered in favor of Auto Owners because the relation-back provision of the forfeiture statute did not retroactively divest Williams, via the assignment from Elbert, of her insurable interest in the Auburndale property. We do not direct entry of a judgment in favor of Williams, however, because Auto Owners has raised other defenses that have not been addressed in the trial court.
Reversed and remanded for further proceedings not inconsistent with this opinion.
BLUE, A.C.J., concurs.
DAVIS, J., Dissents with opinion.

. The Second Circuit went on to address the district court’s concerns that allowing insurance proceeds to be obtained on forfeited property would give drug traffickers an incentive to commit arson to avoid the effect of the forfeiture statutes. The Second Circuit pointed out that one who commits arson is not entitled to recover fire insurance proceeds. If arson is not detected, the court set forth several courses of action the government may take. 25F.3datll3.
We note that the government is not a party to the present appeal nor has it asserted any claim to the fire insurance proceeds.