DAVIS, Judge,
Dissenting.
I respectfully dissent. The majority opinion relies on the authority of Counihan v. Allstate Insurance Co., 25 F.3d 109 (2d Cir.1994). I find that case to be distinguishable from the case before this court.
The majority acknowledges that Couni-han interprets the relation-back provision of the federal civil forfeiture statute and that this case is dealing with the criminal forfeiture statute. However, the majority concludes that since the relation-back provisions of the two statutes are identical, the same reasoning should apply in both types of proceedings. I disagree.
In Counihan, the plaintiff was the owner of the home and was the insured party under the insurance contract. The owner’s son was convicted of dealing in drugs in the home, which led to the forfeiture proceeding. Subsequent to the son’s arrest but prior to entry of the final judgement of forfeiture, the home was destroyed by fire. When the owner made her claim for payment on the insurance policy, Allstate argued that she did not have an insurable interest because the relation-back provision of the forfeiture statute vested ownership of the property in the government as of the date of the son’s drug offense, i.e., before the fire occurred. The court rejected that argument and found that under the federal civil forfeiture statute, the relation-back provision would not divest an owner of her insurable interest.
However, the facts of this case are significantly different. While in Counihan the civil forfeiture proceeding was used to take property from a non-criminal owner without meeting the normal due process requirements, in this case, it is the criminal’s interest that is being divested. The relation-back provision in the criminal forfeiture proceeding is more than just a “significant weapon in the government’s arsenal for the war on narcotics.” Counihan, 25 F.3d at 113. Rather, it is intended to be a sanction against the criminal himself and is considered to be a part of the sentencing. See U.S. v. Ben-Hur, 20 F.3d 313, 317 (7th Cir.1994). Accordingly, even if Counihan is correct in determining that the relation-back provision does not divest a non-criminal owner of an insurable interest in a civil forfeiture proceeding, I would conclude that the due process reasoning inherent in Counihan does not apply to a criminal proceeding where the forfeiture serves a punitive purpose. For this reason, I would conclude that the criminal *567 forfeiture provision does divest a criminal owner of rights in and to the subject property.
In this case, the appellant, as the assign-ee, has no more rights than the assignor held at the time of the assignment. See Alderman Interior Sys., Inc. v. First National-Heller Factors, Inc., 376 So.2d 22, 24 (Fla. 2d DCA 1979). Since I would conclude that the relation-back provision divested the husband/assignor of all his rights to the property, including the insurable interest, as of the date of the criminal offense, I would likewise conclude that the assignment was a nullity and the trial court’s summary judgment should be affirmed.