MCI WORLDCOM COMMUNI-
CATIONS, INC., Plaintiff–
Appellee,

v.

LD WHOLESALE, INC., and Frank
Schmaeling, Defendants–
Appellants,

Daniel Videlyra, Albert Cowles, and
Silvana Cordero, Defendants.

No. 04–3420–CV.

United States Court of Appeals,
Second Circuit.

Dec. 6, 2005.

Richard I. Wolff, New York, N.Y., for
Plaintiff–Appellee.

E. Michael Rosenstock, Rockville Centre, N.Y., for Defendants–Appellants.

Present: Hon. Robert A. KATZMANN, Hon. Richard C. WESLEY, Circuit Judges and Hon. Richard K. EATON,[1] Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Defendants–Appellants LD Wholesale, Inc. ("LD") and Frank Schmaeling ("Schmaeling") here appeal from a judgment entered following a bench trial on breach of contract and fraud claims brought against them by plaintiff-appellee MCI WorldCom Communications, Inc. We assume the parties' familiarity with the facts and procedural history of this case and we reference the facts only as necessary to explain our decision.

■ On appeal from a bench trial, we review *de novo* a district court's conclusions of law and we review for clear error a district court's findings of fact.[2] *See Oscar Gruss & Son v. Hollander,* 337 F.3d 186, 193 (2d Cir.2003). We conclude that the district court properly found both LD and Schmaeling liable to WorldCom for breach of contract. As to the former, we find that LD is contractually liable to WorldCom for the charges set forth in the corrected billing statements WorldCom mailed to LD on July 16, 2001, because the terms of WorldCom's Tariff F.C.C. No. 1[3] clearly provide that: (a) WorldCom has the authority to bill for "previously unbilled charges for service" so long as that service was "furnished not more than one hundred eighty (180) days preceding" the corrected billing, *see* WorldCom's FCC Tariff No. 1 § 2.5.5; and (b) LD automatically becomes obligated to pay for such previously unbilled charges for service in the preceding 180 days where, as here, LD failed to dispute the corrected billing statements in writing within thirty (30) days of receiving the corrected billing statements, *see* FCC Tariff No. 1 § 2.5.3 (providing that where invoices are not disputed in writing within thirty (30) days, they are "deemed to be correct and binding").

■ The district court also properly found Schmaeling liable for breach of contract under an " 'alter ego' piercing of the corporate veil theory." However, while we conclude that the district court properly determined damages for the breach of contract by *LD,* we vacate and remand the district court's award of damages to WorldCom for breach of contract by *Schmaeling.* The district court awarded WorldCom damages against Schmaeling that were nearly twice the damages that

---

**1.** The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

**2.** The appellants contend that the district court's findings of fact are entitled to something less than clear error review in this case because the district court largely adopted WorldCom's proposed findings of fact. We reject this contention and find that clear error review is appropriate, because here the district court did "more than merely adopt a party's proposed findings … *in haec verba"* but rather "revised them in certain respects and not in others." *Counihan v. Allstate Ins. Co.,* 194 F.3d 357, 363 (2d Cir.1999).

**3.** The terms of this tariff are legally binding upon LD, *see Marcus v. AT&T Corp.,* 138 F.3d 46, 56 (2d Cir.1998) (noting that filed tariffs *"conclusively and exclusively* enumerate the rights and liabilities of the contracting parties" (citation omitted)).

the district court awarded WorldCom against LD. However, the district court has not provided any analysis as to why, as a matter of either fact or law, Schmaeling is liable to WorldCom for any amount other than the precise amount owed by LD to WorldCom. We would have thought that, since Schmaeling was liable for breach of contract on the theory that he is LD's "alter ego," Schmaeling's *personal* liability for breach of contract and LD's *corporate* liability would be one and the same.

Given our conclusion that LD and Schmaeling are each liable to WorldCom for breach of contract, we need not and do not evaluate the district court's "alternative[ ]" holding that LD and Schmaeling are also liable to WorldCom for fraud or fraudulent concealment.

■ Lastly, we note that WorldCom's various theories of recovery were all presented as alternative theories arising out of the same injury. Thus, the judgment entered by the district court, which purports to express liability on the causes of action as cumulative, must be amended to reflect that only one recovery is due.

Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.