Dominick PAOLONI, et al., Plaintiffs,

v.

Donald I. GOLDSTEIN,
et al., Defendants.

and

NBSA, LLC, et al., Relief Defendants.

No. CIV.A.01–K–275.

United States District Court,
D. Colorado.

Aug. 23, 2004.

John Alonzo Hutchings, Dill, Dill, Carr, Stonbraker & Hutchings, Denver, CO, for Plaintiffs.

James A. Jablonski, Stuart H. Pack, Gorsuch, Kirgis, LLP, Robert T. McAllister, Robert T. McAllister, PC, Dale R. Harris, Alan M. Loeb, Davis, Graham & Stubbs LLP, Edward H. Widmann, Hall & Evans, Goldstein, Adam Joseph, Wheeler Trigg Kennedy LLP, Richard D. Greengard, Isaacson, Rosenbaum, Woods & Levy, P.C., Suzanna B. Wasito, Godin & Baity, LLC, Barbara L. Green, Richard K. Rediger, Katherine Elizabeth Harvey, Overturf & McGath, PC, Jonathan C. Oster, Oster & Martin, LLC, Denver, CO, Christopher Kevin Leigh, Barthe & Leigh, LLP, Ft. Lauderdale, FL, Charles P. Randall, Charles P. Randall, P.A., Boca Raton, FL, Thomas Baker Quinn, White & Steele, P.C., for Defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This matter is before me on Plaintiffs' Motion for Summary Judgment Against Defendants Richard Doggett and the Iglesias Family Trust ("Trust"). After Plaintiffs filed the motion, Mr. Doggett filed for bankruptcy, thereby staying the motion and this action as against him. The Trust asked for and was granted several extensions of time in which to respond to Plaintiffs' motion, then failed to file any response by the final due date. Accordingly, Plaintiffs' Motion for Summary Judgment against the Trust is ripe for decision.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, I view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999). Plaintiffs, as the moving party here, have the initial burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. *Id.* If Plaintiffs carry this burden, then the burden shifts to the Trust to "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact

exists if a rational juror could decide the disputed allegations in the non-movant's favor based on the evidence presented and the disputed fact might affect the outcome of the suit under the governing law. *See Schwartz v. Bhd. of Maint. of Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001).

In a case, such as this one, in which the non-moving party fails to present any evidence attempting to demonstrate a genuine issue of fact, I must consider the matters the moving party submitted as evidence for the summary judgment ruling, and, "if an inference can be deduced from the facts whereby the non-movant might recover, summary judgment is inappropriate." *Henderson v. Inter–Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir.1994) (internal quotation omitted); *see* Fed. R.Civ.P. 56(e) advisory committee's note (1963 amendment) ("[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."). Notwithstanding the Trust's failure to respond to Plaintiffs' motion, therefore, Plaintiffs "still must show both that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law" for summary judgment to be entered. *Henderson*, 41 F.3d at 569–70.

### Discussion

Plaintiffs seek summary judgment against the Trust on the following claims: (1) imposition of a constructive trust and equitable lien upon all of the Trust's as-

sets; (2) requiring the Trust to provide an accounting of all of its income, receipts, disbursements, expenditures, assets and liabilities from January 1, 1997 to the present; and (3) entry of a permanent injunction barring the Trust and certain other persons from directly or indirectly transferring, selling, encumbering, impairing or otherwise disposing of assets derived from or traceable to the sale of viatical settlement contracts in the American Benefits Group Program. Plaintiffs do not seek summary judgment on their related claims against the Trust of racketeering in violation of state and federal law.

### A. *Facts*

Viewed in the light most favorable to the Trust, the evidence presented by the Plaintiffs establishes the following: [1]

On or about January, 1997, Mr. Doggett and others created what became known as the American Benefits Group Program ("ABG Program"). The purpose of the ABG Program was to sell viatical settlement contracts to the public. Mr. Doggett and others sold viatical settlement contracts through the ABG Program from approximately January, 1997, through October, 1998. Mr. Doggett committed acts of fraud in violation of federal and Florida racketeering statutes in connection with the ABG Program.

Mr. Doggett directly and indirectly received substantial sums of money derived from the fraudulent sale of viatical settlement contracts in the ABG Program, including from sales to investors whose claims against ABG are at issue in this action.[2] In an effort to hide and dissipate

1. This account is based solely on the evidence presented in connection with the subject Motion for Summary Judgment and is binding only in that context. When and if Plaintiffs seek summary judgment against Defendants other than the Trust, the Defendants named in the summary judgment motion will have the opportunity to present evidence demonstrat- ing the existence of genuine issues regarding any material facts stated in this Memorandum Opinion.

2. Plaintiffs here are four individual investors in viatical settlement contract programs allegedly created and promoted by Defendants and thirty-five financial planners and financial

these fraudulently obtained assets, Mr. Doggett established foreign and domestic corporations and trusts and engaged in a series of financial and monetary transactions with these corporations and trusts.

One of the entities involved in this shell game to conceal proceeds from the ABG Program was the Iglesias Family Trust, a trust settled by Doggett for the purpose of purchasing a condominium. Specifically, in December, 1998, Mr. Doggett caused Chambley Corporation, a corporation formed and controlled by him, to disburse $137,000 derived from the fraudulent sale of viatical settlement contracts through the ABG Program to Joseph Ieracitano as Trustee for the Iglesias Family Trust. The Trust then used these funds to purchase a condominium unit located at 1500 Ocean Blvd., Unit 404, Pompano Beach, Florida. Mr. Doggett resides in the condominium unit.

### B. Analysis

A constructive trust is an equitable device used to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. See, e.g., Lyons v. Jefferson Bank & Trust, 793 F.Supp. 981, 985 (D.Colo. 1992); see generally Dan B. Dobbs, 1 Dobbs Law of Remedies § 4.3(1) at 587, § 4.3(2) (2d ed.1993). This equitable remedy may be imposed when property has been acquired in such circumstances that the holder of legal title may not in equity and good conscience retain the beneficial interest. See, e.g., Counihan v. Allstate Ins. Co., 194 F.3d 357, 360 (2nd Cir.1999); Lyons, 793 F.Supp. at 985. The beneficiary of a constructive trust may obtain, through tracing, not merely what was lost but also other property or profits traceable to that lost property. Lyons, 793 F.Supp.

at 985. The party holding the subject property need not have performed a wrongful act for a constructive trust to be imposed, and such trusts have been imposed in a wide variety of cases in which equity dictated this remedy. Counihan, 194 F.3d at 360–61. The purpose of the constructive trust is to prevent the defendant from being unjustly enriched at the plaintiff's expense. In re: Marriage of Allen, 724 P.2d 651, 657 (Colo.1986); Restatement of Restitution § 160 cmts. c, d (1937).

An equitable lien is a special form of constructive trust and is imposed for the same reasons that warrant imposition of a constructive trust. See Restatement of Restitution, § 161 cmt. a (1937); Dobbs, § 4.3(3) at 601–04. "Whereas the beneficiary of a constructive trust receives title to the trust property, a plaintiff who receives an equitable lien obtains merely a security interest in the property held by the defendant and can use that interest to satisfy a money claim against the defendant." Allen, 724 P.2d at 657.

Under the undisputed facts stated above, the Trust purchased the referenced condominium unit with funds it received from Chambley Corp. at Mr. Doggett's direction. It is undisputed that these funds were profits received by Mr. Doggett as a result of his participation in the scheme to defraud Plaintiffs and other investors in the ABG Program. There is no evidence in the record that the Trust was a bona fide purchaser of the condominium unit. See Allen, 724 P.2d at 659–60.

There is also no evidence in the current record that any other specific property or asset held by the Trust is derived from or traceable to Mr. Doggett's

planning firms that sold investments in these programs to their customers. Many of these customers have assigned their claims against

Defendants to Plaintiffs for purposes of this litigation.

fraud on Plaintiffs and subject to a constructive trust or equitable lien on this basis. Given the circumstances of the Trust's formation and its utilization of funds fraudulently obtained from investors in the ABG Program, however, Plaintiffs are entitled in equity to an accounting from the Trust to enable them to determine if the Trust holds any other property or assets derived from or traceable to the ABG Program and to a permanent injunction barring the Trust and related persons from disposing of any property or assets derived from or traceable to this source.

### *Conclusion*

For the reasons stated above, I ORDER:

1. Plaintiffs' Motion for Summary Judgment against the Iglesias Family Trust (# 543) is GRANTED as follows:

    A. The condominium unit located at 1500 Ocean Blvd., Unit 404, Pompano Beach, Florida is subject to a constructive trust of which the Iglesias Family Trust is the trustee and Plaintiffs and the claims they represent are the beneficiaries.

    B. As trustee of the constructive trust imposed pursuant to the preceding paragraph, the Iglesias Family Trust shall execute a Quit Claim Deed conveying the referenced condominium unit to Viatical Administrators, Inc. for the benefit of the Plaintiffs and the claims Plaintiffs represent in this action. The Quit Claim Deed shall be executed and delivered to the Clerk of this Court within thirty days of the date of this Order.

    C. Plaintiffs shall have an equitable lien on the referenced condominium unit, which lien shall relate back to the date on which the Iglesias Family Trust acquired the unit.

    D. The Iglesias Family Trust shall provide to Plaintiffs within thirty days of the date of this Order a complete and comprehensive accounting of all income, receipts, disbursements, expenditures, assets, and liabilities, including the whereabouts of any asset of the Iglesias Family Trust, from January 1, 1997 to the present.

    E. The Iglesias Family Trust, its trustees, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined from directly or indirectly transferring, selling, encumbering, impairing, or otherwise disposing of in any manner assets and property derived from or traceable to the sale of viatical settlement contracts in the American Benefits Group.

2. In light of the automatic stay occasioned by Mr. Doggett's bankruptcy filing, I DENY the Motion (# 543) as against him, without prejudice for it to be reasserted if appropriate in the future.

3. Plaintiffs' Motion for Entry of Judgment and Orders (# 587) is DENIED as moot.

IT IS SO ORDERED.